W. E. McCOOK, Appellant,

v.

FIRST STATE BANK OF ABILENE,
Appellee.

No. 3764.

Court of Civil Appeals of Texas.

Eastland.

Feb. 15, 1963.

Rehearing Denied May 3, 1963.

McMahon, Smart, Sprain, Wilson & Camp, J. M. Lee, Abilene, for appellant.

Smith & Erwin, Frank Smith, Abilene, for appellee.

WALTER, Justice.

W. E. McCook filed suit against First State Bank of Abilene on a $2,000.00 check he had given to Stim-O-Stam, Inc. McCook alleged that Stim-O-Stam's endorsement on the check was forged and the bank cashed it and he was entitled to recover under Section 23 of Article 5932 of V.A.T.C.S. The court withdrew the case from the jury and rendered judgment that the plaintiff take nothing.

McCook has appealed contending the court erred in overruling his motion for a summary judgment and in rendering judgment for the bank because the evidence conclusively shows that he was entitled to recover under said Article 5932.

The record conclusively reveals the following facts. On February 9, 1961, McCook purchased five shares of Stim-O-Stam's stock for $2,000.00. He paid for this stock by giving his check on the First State Bank of Abilene, made payable to Stim-O-Stam and mailing it to its office. McCook's check was taken by two of Stim-O-Stam's commission agents from its office and delivered to M. W. Nunn. Nunn was one of the incorporators, a director and sales manager for Stim-O-Stam. At the time he endorsed the check he was its acting secretary. Nunn endorsed the check by signing the corporation's name, Bobby Morrow's name as president and his name as secretary. He was not authorized to sign Morrow's name. He then delivered the check to the Honorable Gene Worsham, an attorney in Arkansas, who cashed it at the First National

Bank of Little Rock, Arkansas, and in the ordinary course of banking business it was presented to and paid by the First State Bank of Abilene. McCook received and sold the stock that he purchased.

The facts in the case of Strickland Transportation Company v. First State Bank of Memphis, 147 Tex. 193, 214 S.W.2d 934, (Supreme Court), revealed the following: John W. Akard was a commission agent for Strickland at Memphis, Texas. Akard was authorized to accept checks from customers but was not authorized to endorse them. Akard received six checks payable to Strickland from White Auto Store for freight charges. Akard endorsed these checks and cashed them at the Memphis bank. Akard appropriated the money to his own use and benefit and absconded. After learning about Akard's misconduct, Strickland took an assignment from White Auto Stores of all its rights against the bank.

After deciding that Strickland could not recover from the bank as payee of the checks, the court held that the payee Strickland had no cause of action against the bank as assignee of White Auto Stores because White's liability to Strickland was discharged by delivery of the checks to Akard and their subsequent payment by the bank to Akard. The court said: "The unfortunate position in which petitioner finds itself is not due to any act or omission of White Auto Store but arises solely from the unfaithfulness of petitioner's own agent. Under those circumstances it would not be just to say that White Auto Store must pay its debt again, either on the theory that it has recourse against the bank or on the theory that petitioner may have no effective remedy against the bank. It should not have to suffer the annoyance and expense of litigation. merely because petitioner's agent proved untrustworthy; those burdens justly belong to petitioner. We think White Auto Store's liability was discharged by its delivery of the checks to Akard and their subsequent payment by the bank to Akard,

and that, therefore, White Auto Store had no cause of action against the bank to assign to petitioner. And we so hold."

Morrow testified that the stock issued to McCook had not been cancelled on the books of the corporation and that it received none of the proceeds from McCook's check. McCook testified, in effect, that he was still obligated to pay for the stock. Based on the authority of Strickland Transportation Company v. First State Bank of Memphis, supra, we have concluded that McCook's liability for the stock was discharged by mailing his check to the corporation which was received by its agents and subsequently paid by the bank.

■ McCook relies upon Section 23 of Article 5932 of Vernon's Annotated Texas Civil Statutes which is as follows:

"Sec. 23. When a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority. Acts 1919, p. 190."

A recovery under this article presupposes that a party has suffered a loss. But what loss has McCook sustained? McCook testified that the only interest he had in this law suit was to see that Stim-O-Stam received its money. McCook was giving this testimony about facts peculiarly within his own knowledge. The corporation will not be permitted to recover indirectly through McCook that which it manifestly could not recover directly in its own name.

In Dycus v. Commonwealth National Bank of Dallas, Tex.Civ.App., 148 S.W. 1127, the court said: "Equity will prevent his recovering from the bank any more than

the loss he has sustained. He is not entitled to recover from the bank, and also from the collaterals received by virtue of the transaction with Weil. He, however, is seeking to do both. He is holding on to the securities, and also seeking to recover from the bank." McCook received the stock that he purchased and sold it after this suit was filed. Having received the benefit of his check, he cannot recover against the bank.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.