MERCHANTS' NATIONAL BANK v. FEDERAL STATE BANK.

1. BANKS AND BANKING—FORGERY—PAYMENT OF FORGED CHECK—
NOTICE—PREJUDICE.
   As to the defense of delay in notifying the bank after dis-
   covery of forgery of payee's indorsement, and the effect
   of said delay upon the bank's opportunity to protect itself,
   this case is controlled by *Houseman-Spitzley Corp.* v.
   *American State Bank*, 205 Mich. 268.[1]

2. SAME—FORGERY—LIABILITY OF INDORSING BANK.
   Where the payees' indorsements upon certain checks were
   forged and the proceeds placed to the forger's credit by
   defendant bank, which indorsed the checks and they were
   paid by plaintiff bank through clearing house, and the
   maker of the checks suffered no loss, the forger having
   reimbursed the payees, plaintiff bank; not being liable to
   the maker, was not entitled to recover the amount of
   said checks in an action against defendant bank. OSTRAN-
   DER, J., dissenting.

Error to Wayne; Mandell, J. Submitted January
23, 1919. (Docket No. 104.) Decided May 29, 1919.

Assumpsit by the Merchants' National Bank against
the Federal State Bank for the amount of certain
forged checks. From the judgment rendered, both
parties bring error. Affirmed.

*Goodenough, Voorhies & Long,* for plaintiff.

*Ralph L. Aldrich,* for defendant.

FELLOWS, J. This case concerns the forgeries of
one Stephen I. Kux, an employee of Houseman-Spitzley
Corporation, one of whose forgeries was involved in
the case of *Houseman-Spitzley Corporation* v. *Ameri-
can State Bank*, 205 Mich. 268. A reference to that
case will disclose the relations and transactions of the

[1]The question of loss or prejudice to bank resulting from
negligent failure on part of depositor or correspondent bank to
give prompt notice of forgery, as a condition of its right to
charge forged checks to latter's account, see note in 20 L. R. A.
(N. S.) 79.

parties. The instant case involves the following checks drawn by Houseman-Spitzley Corporation: (1) a check for $1,000 payable to Thomas H. Conway; (2) a check for $500 payable to H. E. Funke; (3) a check for $1,493 payable to Russ J. Cristy; (4) a check for $700 payable to Anton Kaier; (5) a check for $918.01 payable to Carrie Esterling; (6) a check for $782.34 payable to E. A. Barron. Upon each of these checks Kux forged the name of the payee and deposited them with defendant, receiving credit therefor in his account. Defendant in turn indorsed them and they were paid through the clearing house by plaintiff (in case of one check by plaintiff's assignor), and charged to the account of Houseman-Spitzley Corporation. Upon learning of the forgeries Houseman-Spitzley Corporation promptly notified its bank, the plaintiff here. This seems to have been on August 1st. The vice-president required more proof before taking action. A confession was obtained from Kux August 2d. This was taken by a stenographer before an assistant prosecuting attorney, the transcript of which was delivered to Mr. Spitzley of the Houseman-Spitzley Corporation on Saturday, August 4th. On Monday, August 6th, notice of the forgeries was given to defendant by the plaintiff. As to the checks (1) to and including (4) the defendant here interposed the same defense as in the other case, that it was relieved of liability by failure to more promptly give notice of the forgeries. The trial judge declined to follow defendant's counsel, but entertained the view that as matter of law the notice was given within a reasonable time. He therefore directed a verdict for the amount of these four checks. Defendant here assigns error on this direction and the refusal of the court to direct a verdict for it. In the other case we held that defendant was not relieved from liability by the delay unless it was to its prejudice, and that upon

the facts it had not shown prejudice. As to the four checks now under consideration, the facts on this record are the same as those in the other case, except that the delay in giving notice was less here than there. The instant case upon this question is controlled by the opinion in the other case, which fully considers and discusses the law applicable to the state of facts here under consideration. Defendant's assignments of error are overruled.

As to the other two checks a different situation is presented. While Kux forged the names of the payees. on the checks to Carrie Esterling and E. A. Barron and deposited them in his account, he gave his own check, which was subsequently cashed, to these parties for an amount greater in each instance than the amount of the checks appropriated, and the deal with each of these parties was an actual deal, a purchase from them of an interest in property; therefore, Houseman-Spitzley Corporation paid, although by circuity, for the interest in the lands which it purchased from Carrie Esterling and E. A. Barron, and was not damaged by the transaction. If the Houseman-Spitzley Corporation was not damaged by these forged indorsements it could not call upon its own bank to make good losses it had not suffered by these particular transactions, nor recover for damages which had not been occasioned by these particular forgeries. If it could not recover from its bank, plaintiff here, it is obvious that plaintiff cannot recover from defendant. The trial judge entertained this view and directed a verdict for the defendant as to these two checks. Plaintiff assigns error upon this direction and the refusal to direct a verdict in its favor. Its assignments of error are also overruled.

The judgment must be affirmed.

BIRD, C. J., and MOORE, STEERE, BROOKE, KUHN, and STONE, JJ., concurred with FELLOWS, J.

OSTRANDER, J. (*dissenting*). Plaintiff paid a forged check which defendant had indorsed and plaintiff sued the indorser. I am not able to see what Houseman-Spitzley has to do with the matter. True it was Houseman-Spitzley's check and has been charged by plaintiff to its account, but how does the fact that Houseman-Spitzley got — indirectly — something of value change the situation?

I am of opinion that the judgment should be reversed and a new trial granted.