BEESON-MOORE STAVE COMPANY *v.* CLARK COUNTY BANK.

Opinion delivered October 15, 1923.

1. TRIAL—DIRECTION OF VERDICT—JURY QUESTION.—Where the testimony of an intervener made it a question for the jury whether he was entitled to recover from the plaintiff, it was error to direct a verdict against the intervener.

2. TRIAL—ARGUMENTATIVE INSTRUCTIONS. It was not error to refuse prayers for instructions that were argumentative in form.

3. BANKS AND BANKING—DAMNUM ABSQUE INJURIA.—Where checks drawn by plaintiff payable to certain payees for timber, labor and other expenses in manufacturing staves, were delivered to and wrongfully indorsed by intervener, and the money was paid by defendant bank on such forged indorsements, plaintiff suffered no damage if the funds were used in the manner intended by plaintiff, as the latter suffered no damage by the bank's wrongful act.

Appeal from Clark Circuit Court; *George R. Haynie,* Judge; reversed in part.

*Mehaffy, Donham & Mehaffy,* for appellant.

1. Gosney, it appears, filed no motion for new trial, and presented no bill of exceptions. Alleged errors, based on admissions of testimony at the trial, or on instructions given and refused, cannot be considered. 148 Ark. 156; *Id.* 653; 140 Ark. 218; 130 Ark. 538; 129 Ark. 86; *Id.* 217; 143 Ark. 463; 149 Ark. 669.

2. The appellee bank is liable to the appellant, under the facts in the case. It had the means of knowing, and did know, whether the indorsements on the checks were genuine or not. 5 R. C. L. 554; *Id.* 552; 137 Ark. 252; 141 Ark. 414; 148 Ark. 14.

3. Court erred in refusing instructions 9 and 10 requested by appellant. 142 Ill. 296; 148 Ark. 604; 97 N. Y. Supp. 274; 7 C. J. 686; 115 Ark. 326; 73 Ark. 566; 3 R. C. L. 542-543; 1 Morse on Banks and Banking, 4th ed., 483; L. R. A. 1917-A, 145; 137 Ark. 258, 259; 36 Am. St. Rep. 81.

*J. S. Townsend,* for cross-appellant Gosney.

Gosney's theory of the case is supported not only by his own testimony, but also that on the part of the appellant. He was entitled to have that theory submitted to the jury, which was the judge of the weight and credibility of the witnesses. The court erred in directing the verdict. 98 Ark. 334; *Id.* 370; 105 Ark. 136, and cases cited.

Wood, J. The Beeson-Moore Stave Company, a corporation of Arkansas (hereafter called appellant), instituted this action against the Clark County Bank (hereafter called bank), and J. Gosney. The appellant alleged that, pursuant to an agreement with Gosney, it issued various voucher checks to certain payees for different amounts, all of which are set forth, amounting in the aggregate to the sum of $4,833.91; that these checks were sent to Gosney to be delivered to the payees therein named; that it was fraudulently represented to appellant that the various sums for which checks were issued were due to the payees for labor and service performed; that appellant did not owe the payees any sum, but, if so, the sums were less than the amounts alleged in the checks; that Gosney did not turn over the checks to the payees, but, without right and without their consent, forged the names of the payees to the checks and took credit in his own name for the amounts of the checks; that the bank, without the consent of the

payees, permitted Gosney to cash the checks and take credit for same in his own name; that the bank accepted the checks and stamped on the back of them the following: "Pay any bank, banker, bankers or trust company, or order (all prior indorsements guaranteed).............................. 192........... Clark County Bank, Gurdon, Arkansas. F. M. Holt, cashier." The appellant alleged that, by reason of these acts of Gosney and the bank, it had been damaged in the sum above named, for which it prayed judgment.

The bank, in its answer, categorically denied all the allegations of the complaint, and set up that, if the checks were handled as alleged, the appellant ratified such handling by Gosney; that appellant knew, immediately after the checks were paid in January, 1920, and at all times thereafter, that the checks were being handled as alleged in the complaint, and appellant paid same with such knowledge, and failed to notify the bank that it objected thereto; that appellant continued to deliver the checks to Gosney for more than one year with full knowledge of how they were being handled by Gosney, without notifying the bank that it objected thereto; that, if it had notified the bank within a reasonable time after it honored the checks in January, 1920, the bank would have refused to further honor such checks, and could and would have recovered the money paid Gosney on such checks; that Gosney is insolvent. The bank further alleged that, after the appellant knew that Gosney had cashed the checks as alleged, appellant paid Gosney large sums of money from time to time; that all of the checks were charged to Gosney by the appellant and had been paid by Gosney. Therefore the bank prayed that appellant's complaint be dismissed.

Gosney answered, adopting the answer of his co-defendant, as far as applicable, and set up, in a cross-complaint, that he entered into a written contract with the appellant to buy timber to make staves or have them made and shipped to the appellant, for which he was to receive a stipulated price specified in the contract; that

the appellant agreed to advance all money necessary to carry out the contract and charge the same to Gosney's account; that, in pursuance of the contract, he had delivered to the appellant staves which, at the price agreed upon, amounted to the sum of $8,235.20; that, in addition to the price of the staves, he had incurred expense in bucking the same, amounting to $1,699.13; that the appellant was indebted to him in the sum of $600, under the terms of the contract between them, for staves purchased by him for appellant at Antoine, Arkansas; that appellant was indebted to him in the sum of $879.36 under the contract for cutting and yarding logs; that appellant was indebted to him in the sum of $2,000 for 200,000 feet of stumpage for staves on the Chancellor & Thornton land, making a total of $11,613.69 due him by the appellant; that against this sum appellant was entitled to certain credits. He prayed that, after giving these credits, he have judgment for the balance.

The appellant answered the cross-complaint of Gosney, denying all of its allegations.

The testimony of the respective parties adduced to sustain the contentions as set forth in their pleadings is quite voluminous, and no useful purpose could be served by setting it forth in detail. Suffice it to say there was testimony which made it an issue for the jury to determine whether or not Gosney was indebted to the appellant, as alleged in its complaint, or whether the appellant was indebted to Gosney, as alleged in his cross-complaint. At the conclusion of the testimony the court instructed the jury, at the instance of the appellant, to find against Gosney on his cross-complaint. Gosney excepted to the giving of this instruction, and made the ruling of the court in giving the same one of the grounds of his motion for a new trial.

The issue between the appellant and the bank was submitted to the jury, on instructions given at the instance of the appellant and the bank. The court refused certain prayers for instructions of the appellant, to which ruling the appellant excepted. The court

granted the bank certain prayers for instructions, and among them Nos. 6 and 12, as follows:

"No. 6. If the defendant Gosney entered into a contract with plaintiff to manufacture and sell staves to plaintiff, and plaintiff agreed to advance funds for timber and labor and other expenses in connection with the manufacture of such staves, and to charge the amounts advanced to said Gosney, and, in carrying out such contract, the checks in evidence were issued and delivered to said Gosney and charged to him, and the defendant Gosney used all the proceeds of said checks in paying the laborers under the terms of his contract with the plaintiff, your verdict should be for the defendant, Clark County Bank."

"No. 12. If you find from the testimony in this case that the defendant, Clark County Bank, paid out, upon checks drawn by the defendant Gosney to his employees for making, manufacturing and hauling staves, under the terms of the contract between plaintiff and Gosney, a sum of money equal to the total amount of the checks drawn by the plaintiff and payable to the defendant's employees, and indorsed and cashed by the defendant Gosney, then you will find for the defendant, Clark County Bank."

The jury returned a verdict in favor of the appellant against Gosney in the sum of $2,000, and in favor of the bank. Judgment was entered in accordance with the verdict. From the judgment against the appellant in favor of the bank the appellant prosecutes this appeal, and Gosney was granted an appeal by the clerk of this court.

1. The court erred in instructing the jury, at the instance of the appellant, to find against Gosney on his cross-complaint. As we have stated, the testimony of Gosney made it an issue for the jury as to whether or not Gosney was entitled to recover from the appellant on the issue raised in his cross-complaint and the answer of appellant thereto. The appellant contends that Gosney filed no motion for a new trial and presented no

bill of exceptions, but, upon an examination of the record, which has been corrected by certiorari, we find that Gosney did file a motion for a new trial. It was not necessary for him to file a separate bill of exceptions, inasmuch as the bill of exceptions presented by the appellant shows that Gosney reserved exceptions to the ruling of the court in giving the instruction of which he here complains.

2. The appellant complains of the ruling of the court in refusing certain of its prayers for instructions. We find that these prayers were sufficiently covered by the instructions which the court gave. Appellant's prayer for instruction No. 6 was sufficiently covered by its prayers for instructions Nos. 7 and 8, which the court granted. Appellant's prayers for instructions Nos. 9 and 10 in effect told the jury that, if the bank indorsed the checks cashed by it with the words "all prior indorsements guaranteed," and the checks so indorsed were returned to the appellant, then the appellant had a right to assume that the bank had ascertained that the prior indorsements on the checks were genuine, and that no unauthorized payments had been made, and, if the bank so indorsed the checks, it was not the duty of the appellant to examine said checks for forgeries, and its failure to examine them did not constitute negligence. The fact that the bank indorsed the checks "all prior indorsements guaranteed" did not add anything to its liability, for, if the checks were forgeries, the bank was liable to the appellant for any loss caused thereby, as was set forth in other instructions, given at the instance of the appellant, in which the liability of the bank for forged indorsements was correctly submitted. Prayers for instructions Nos. 9 and 10 in the form requested were argumentative, and the court did not err in refusing to grant them.

Appellant contends that the court erred in giving instructions Nos. 6 and 12, set out above. Taking these instructions together, they tell the jury, in effect, that, if all of the money drawn from the bank by Gosney

through forged indorsements of the names of the payees, was paid for timber, laborers, and other expenses in manufacturing staves under his contract with the appellant, then the bank would not be liable. Such we understand to be the purport of the instructions, and such was the manifest intention of the trial court in giving them. To be sure, if all the money drawn out of the bank by Gosney through forged indorsements was used in paying for timber, laborers and other expenses in connection with the manufacture of the staves under the contract between Gosney and appellant, then appellant would not suffer any financial loss or be damaged in any manner because the bank paid out the money on forged indorsements by Gosney. It would be *injuria sine damno.* ''It is not enough that an unauthorized act or injury be done, but the plaintiff must sustain a loss by reason thereof'' Weeks, Damnum Absque Injuria, § 5, p. 9. The effect of these instructions was to so inform the jury. The testimony of Gosney justified the court in giving the above instructions.

The judgment therefore in favor of the bank is affirmed. The judgment in favor of the appellant against Gosney, for the errors indicated, is reversed, and the cause is remanded for a new trial on the issues between Gosney and the appellant.