**PROVIDENT SAVINGS BANK & TRUST CO v FIFTH-THIRD UNION TRUST CO**

Ohio Appeals, 1st Dist, Hamilton Co

Decided May 31, 1932

Clark & Robinson, Cincinnati, for plaintiff in error.

Maxwell & Ramsey, Cincinnati, for defendant in error.

ROSS, PJ.

The trial court based its judgment for the Provident Savings Bank, defendant in that court, upon the limitation of action contained in §11225-1, GC. This section does not apply to the duty of depositors as to indorsements.

The duty of a depositor to know its own signature is entirely different from the duty of such depositor as to an indorsement. The depositor has a right to rely upon the implied guaranty of the bank that it has paid to the payee, just as the drawee bank has a right to rely upon the guaranty of the paying bank, unless in any case the acts of the parties amount to an estoppel to rely upon such guaranties. But in any event the bank is only obligated to pay the loss to the depositor in one case and to the drawee bank in the other. If there has been no loss, there is no obligation to pay, either by the drawee bank or the paying bank.

What loss has the drawee bank, the Fifth-Third Union Trust Company, suffer-

ed in the instant case? It claims to have credited its depositor with the amount of the check. It can only assert such payment as a loss if it was legally forced to make good a loss to the depositor.

What loss then did the Ritz American Ice Cream Company, the depositor, suffer by reason of the forged indorsement upon the check? None. Its loss is due to the forgery upon a note and mortgage, which prevents it from collecting from the party whose name it is claimed was forged. The loss on the note and mortgage would have been the same as it would have been had the check not been indorsed by forgery.

It is claimed that the Ice Cream Company would not have suffered loss on the note and mortgage if the paying bank had used proper care.

This is not a suit of the Ice Cream Company versus the Provident Bank for negligence. It is a suit of the Fifth-Third Bank to recover its loss by reason of the forged indorsement upon the check. We are not concerned with the loss of the Ice Cream Company through its own negligence in accepting a forged note and mortgage; or that it cannot now collect upon such note and mortgage against the responsible maker whose name was forged. What we are concerned with is the loss to the Ice Cream Company by reason of the forged indorsement upon the check, and, exclusive of the note and mortgage, putting them out of consideration, we cannot see where the Ice Cream Company has suffered any loss whatever by reason of the forged indorsement upon the check.

As far as the record shows, the position of the Ice Cream Company would be the same were the check indorsed by Susie Eatrides. The only loss evident from the record is to Susie Eatrides, who states she never received any portion of the proceeds of the check. She is not making any claim, and can make no claim, upon a check in which she had no interest and which she states she never knew existed.

The judgment of the Municipal Court of Cincinnati was therefore free from prejudicial error, though predicated upon a wrong premise. The Court of Common Pleas erred in reversing the judgment of the Municipal Court. Its judgment will be reversed, and that of the Municipal Court of Cincinnati will be affirmed.

HAMILTON and CUSHING, JJ, concur.