NATIONAL SURETY CORPORATION, Appellant, vs. CITY BANK & TRUST COMPANY, Respondent.

*October 19—November 20, 1945.*

For the appellant there was a brief by *Treis & Corrigan,* attorneys, and *Walter D. Corrigan, Sr.,* and *John S. Barry* of counsel, all of Milwaukee, and oral argument by *Walter D. Corrigan, Sr.*

*Carl R. Becker* of Milwaukee, for the respondent.

FAIRCHILD, J.   The plaintiff stands in the shoes of the Modern Woodmen of America and has no greater right with respect to recovery against defendant than that organization would have.

An intermediary bank which receives a check or a certificate of deposit on a forged indorsement and collects it from the drawee is liable to the drawer or owner for his loss.   *Evenson v. Waukesha Nat. Bank* (1926), 189 Wis. 170, 207 N. W. 415; 7 Am. Jur., Banks, p. 431, sec. 594.   See annotation, 102 A. L. R. 145, 146.   Sec. 116.27, Stats., which is part of the Uniform Negotiable Instruments Law, provides in part that "Where a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative," and sec. 220.15 (4) (b), part of the Bank Collection Code, provides that an indorsement "pay any bank or banker" constitutes a guaranty by the indorser to all subsequent holders and to the drawee or payer of the genuineness of and authority to make all previous indorsements and to save the drawee or payer harmless in the event a prior indorsement is defective.

However, a bank is not liable on a forged indorsement of a check unless its action has occasioned a loss to the rightful

owner. Thus in *Provident Savings Bank & Trust Co. v. Fifth-Third Union Trust Co.* (1932) 43 Ohio App. 533, 183 N. E. 885, the Ritz American Ice Cream Company drew a check on the Fifth-Third Union Trust Company for $800 payable to James and Susie Eatrides jointly. The check was paid by the Provident Savings Bank Company on a forged indorsement made by James Eatrides. It was given in consideration of a note and mortgage which were also forged by James Eatrides. Upon discovery of the fraud when the note came due, the drawee immediately credited the account of the Ritz American Ice Cream Company with the amount of the check, and brought an action for reimbursement against the Fifth-Third Union Trust Company, the intermediary bank. The general rule holding an intermediary bank liable for payment on a forged indorsement was recognized, but the court ruled that under the circumstances no loss resulted from the act of the bank because the loss was occasioned by the forgery of the note and mortgage. In *Andrews v. N. W. National Bank* (1908), 107 Minn. 196, 117 N. W. 621, the drawers forwarded a check to their agent to be used in paying a debt to a customer. The agent forged the name of the payee and deposited the check in a bank to his own credit. The agent then drew a check on that account including the proceeds from the forged check and paid it to his principal to cover an already existing shortage in his accounts. In an action by the drawers against the drawee, the court held that inasmuch as the proceeds of the check came back to the drawers, and the debt of the agent remained unpaid, no damage was suffered by reason of payment of the check and there could be no recovery. Although in that case, the action was by the drawer against the drawee, the principle to be applied is exactly the same as if it were against an intermediary bank.

The Michigan court in *Merchants' National Bank v. Federal State Bank* (1919), 206 Mich. 8, 172 N. W. 390, also held in a case where the indorsements of the payees on two

checks were forged by an agent of the drawer and paid by an intermediary bank, that since the agent had given the payees his own check in an amount greater than the checks appropriated, no damages resulted to the drawer and there could be no recovery against the bank.

In the instant case the check on which Klessig had forged the payee's indorsement was immediately deposited in an account of the Modern Woodmen of America in the defendant bank. Although that account was controlled by Klessig, there can be no doubt that he was acting only as an agent of Modern Woodmen of America. Hence, the transaction simply resulted in transferring the amount in question from the Chicago depository of the Modern Woodmen of America to its depository in Milwaukee. Had there been no shortage in Klessig's account originally and this same transaction had occurred, it would be obvious that no loss had occurred. The damages suffered by the Modern Woodmen of America were caused solely by Klessig's initial defaults and were not occasioned by defendant's acceptance of the forged check. Therefore, plaintiff as assignee of the Modern Woodmen of America has no cause of action against defendant.

*By the Court.*—Judgment affirmed.