**COMMERCIAL CREDIT CORPORATION, a Corporation, Appellant,**

v.

**EMPIRE TRUST COMPANY, a Corporation, Appellee.**

**No. 15965.**

United States Court of Appeals
Eighth Circuit.

Oct. 20, 1958.

Appeal from the United States District Court for the Western District of Missouri; Richard M. Duncan, Judge.

Byron E. Mintonye, Kansas City, Mo. (Carl E. Laurent and Allan R. Browne, Kansas City, Mo., were with him on the brief), for appellant.

Billy S. Sparks, Kansas City, Mo. (Clyde J. Linde, Robert B. Langworthy and Langworthy, Matz & Linde, Kansas City, Mo., were with him on the brief), for appellee.

Before GARDNER, Chief Judge, and VOGEL and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

The question here for determination is whether appellee, hereinafter called the defendant, is liable as the drawee bank because it charged the checking account of appellant, hereinafter called plaintiff, with the amount of a check drawn by plaintiff upon which the name of one of the payees had been forged. The trial court found in favor of defendant, and plaintiff has brought the case here for review. Jurisdiction is based on diversity and the requisite amount involved in the controversy.

From the facts detailed in the opinion of the trial court, Commercial Credit Corp. v. Empire Trust Co., D.C., 156 F. Supp. 599, it appears that one Howard Beach entered into negotiations with plaintiff to obtain a loan for $12,000, which was to constitute a portion of the capital to be used in the operation of an automobile agency in Atchison, Kansas. Beach acquired title to the agency by bill of sale from the prior owner, executed on December 11, 1954, and on December 20, 1954, after Beach presented a financial statement, a loan agreement was entered into between plaintiff, Beach, and Mary L. Beach, his wife. In this instrument, which is set out fully in the trial court's opinion, supra, at page 601, Howard A. Beach, individually and as an automobile dealer doing business under the name of Howard Motors, was designated as "Dealer," and Mary L. Beach, his wife, was designated as "Co-maker." The agreement provided that "Concurrently with the execution hereof, Commercial Credit (Plaintiff) *has lent Dealer* and Dealer acknowledges the receipt of Twelve Thousand Dollars ($12,000.00). Said loan is evidenced by the demand promissory note of First Parties (Beach and wife) of even date." (Emphasis supplied.) On the same day, a note was executed purportedly signed by Howard A. Beach and Mary L. Beach, and a chattel mortgage was executed by "Howard Motors by Howard A. Beach" for the purpose of securing payment of the note. The check in question, bearing the same date, December 20, 1954, was drawn by plaintiff on defendant bank, payable to the order of Howard A. Beach and Mary L. Beach. On the back thereof, in pen and ink, appeared:

"Pay to the order of Howard Motors
 Howard A. Beach
 Mary L. Beach"

and stamped thereon the words, "Howard Motors." The amount of the check was deposited to the credit of the account of Howard Motors in the Exchange National Bank of Atchison, Kansas. After the check was cleared through the First National Bank of St. Joseph, Missouri, it was sent to the drawee bank, defendant, which debited the account of plaintiff in the amount of $12,000. Mary L. Beach did not sign the loan agreement, the promissory note or endorse the check. Her signatures on these instruments had been forged by her husband, Howard A. Beach.

The business of Howard Motors failed, plaintiff foreclosed under its chattel mortgage and then instituted an action against Beach and his wife to recover the sum of $11,500 on the theory that the benefits of the loan accrued to both of them. After that action was commenced, and in September, 1956, plaintiff first learned that Mary L. Beach's signature on the documents was not genuine but had been forged. It thereupon brought this action, predicating its right to recover on the theory that the defendant wrongfully paid the amount of the check upon the forged endorsement of Mary L. Beach.

Upon the facts, the trial court held that "Plaintiff's loss resulted from the forged endorsement upon the contract and note, and not because of the cashing of the check, the proceeds of which went to the very person for whom the loan was intended. For that reason, it is my conclusion that the plaintiff is not entitled to recover." Commercial Credit Corp. v. Empire Trust Co., supra, 156 F.Supp. at page 607.

■■ The rule is firmly established in Missouri and elsewhere that a drawee bank has a contractual duty to make charges against the depositor's account only on his authentic order and genuine endorsements. American Sash & Door Co. v. Commerce Trust Co., 332 Mo. 98, 56 S.W.2d 1034, 1038; Borserine v. Maryland Casualty Company, 8 Cir., 112 F.2d 409, 415 and cases cited; 9 C.J.S. Banks and Banking § 356 c, pp. 734, 735; 7 Am.Jur., Banks § 590; Michie on Banks and Banking (1950 ed.) Vol. 5B, § 277a. But under certain circumstances, the rule is relaxed to a point where the bank may be relieved of liability even though it honors a check with a forged endorsement and charges it against the depositor's account. Thus in American Sash & Door Co. and the Borserine case, supra, it was recognized that where the bank has been misled by some negligence or other fault of the depositor, which will estop him from questioning the validity of the charge made against his account, the bank is not liable. And, applicable to and controlling the instant situation, another exception exists if it is established that the proceeds of the check reached the person for whom they were intended. In Michie on Banks and Banking, Vol. 5B, § 277a, pp. 72 and 73, it is said: "The bank makes payment upon a forged indorsement at its peril, and cannot charge such payment against the drawer's account in the absence of some ground of estoppel or negligent act on his part. A bank, however, may be relieved of liability by ratification *or by reason of the money reaching the intended person.*" (Emphasis supplied.) The same pronouncement appears in 9 C.J.S. Banks and Banking § 356 c. See also 7 Am.Jur. Banks § 590. This principle has received universal recognition. See and compare: Provident Savings Bank & Trust Co. v. Fifth-Third Union Trust Co., 43 Ohio App. 533, 183 N.E. 885; Scala v. Miners' & Merchants' Bank, 64 Colo. 185, 171 P. 752; Federal Land Bank of Omaha v. Omaha Nat. Bank, 118

Neb. 489, 225 N.W. 471; National Surety Corporation v. City Bank & Trust Co., 248 Wis. 32, 20 N.W.2d 559; Wormhoudt Lumber Co. v. Union Bank & Trust Co., 231 Iowa 928, 2 N.W.2d 267; Russell v. Second Nat. Bank of Paterson, 136 N.J.L. 270, 55 A.2d 211; Modern Equipment Corporation v. Northern Trust Co., 284 Ill.App. 586, 1 N.E.2d 105; Florida National Bank at St. Petersburg v. Geer, Fla., 96 So.2d 409.

In this case it was established conclusively, so as to remove any doubt, that Mary L. Beach was neither a partner, nor had any financial interest, in the automobile agency which was purchased and operated by her husband, Howard A. Beach. By the explicit and clear terms of the loan agreement and negotiations leading thereto, the $12,000 was lent to Mr. Beach in order to provide him with capital to operate the business. Not only was the loan made to Beach, but the proceeds thereof, as evidenced by the check in question, were received and disbursed by him, and as far as this record reveals, Mrs. Beach obtained no benefit therefrom. Under this state of facts the conclusion is inescapable that the forged endorsement was not the proximate cause of plaintiff's loss. As we view the situation, the liability of Mrs. Beach to plaintiff was not dependent upon her endorsing the check in which she had no financial interest, but had to spring from the loan agreement or note. So it must follow that plaintiff's inability to hold Mrs. Beach resulted from her signature being forged to the documents upon which plaintiff had to rely for recovery.

Upon facts strikingly similar to those under consideration, the court in Provident Savings Bank & Trust Co., supra, ruled that the loss sustained by the Ritz American Ice Cream Company, the drawer of the check, did not result because the signature of Susie Eatrides, one of the payees, had been forged, but because of the negligence of the ice cream company in accepting a forged note and mortgage. The check went to James

Eatrides, the person who was entitled thereto, and was issued in consideration for a note and mortgage taken from him. Apropos is this conclusion of the Court at page 886 of 183 N.E.: "As far as the record shows, the position of the Ice Cream Company would be the same were the check endorsed by Susie Eatrides. The only loss evident from the record is to Susie Eatrides, who states she never received any portion of the proceeds of the check. She is not making any claim, and can make no claim, upon a check in which she had no interest and which she states she never knew existed."

 Inasmuch as the proceeds of the check went to and were received by Howard A. Beach, the only person entitled thereto, it follows that plaintiff suffered no loss by reason of the forged endorsement—its loss, as herein demonstrated, was occasioned by the other circumstances we have considered. In this diversity case, the Missouri courts have not had occasion to rule upon the question of whether a drawee bank is liable for honoring a check with a forged endorsement when it is shown that the funds reached the person for whom they were intended and that the depositor suffered no loss. We are, however, convinced that the legal conclusion of the trial judge is correct. Even under more doubtful questions of local law, we have consistently refused to displace the trial court's considered judgment of what that law would be in the absence of any demonstration that the trial court did not reach a permissible conclusion. As stated in Nugent v. General Insurance Co., 8 Cir., 253 F.2d 800, at page 802:

"Conceivably, the Supreme Court of Missouri might have reached a different conclusion had this case been before it, but neither counsel for the plaintiff nor this Court can demonstrate that the trial judge did not reach a permissible conclusion in ruling that the plaintiff's loss and damage was not within the coverage of the policy in suit."

Accordingly, the judgment is affirmed.