**ALBA AND ASSOCIATES, INC., a Corporation, Plaintiff-Appellant,**

v.

**HOME SAVINGS ASSOCIATION OF KANSAS CITY, a Corporation, Defendant-Respondent.**

No. 25072.

Kansas City Court of Appeals.

Missouri.

June 2, 1969.

Henry G. Eager, Frederick F. Kastner, Kansas City, Swanson, Midgley, Jones, Ea-

ger & Gangwere, Kansas City, of counsel, for appellant.

F. Philip Kirwan, Charles W. Medley, Robert A. Babcock, Kansas City, Margolin & Kirwan, Kansas City, of counsel, for respondent.

SPERRY, Commissioner.

Plaintiff, a corporation, is engaged in the insurance business in Kansas City. Defendant is a corporation, engaged in the savings and loan business. Plaintiff sued for damages growing out of a contract and had a verdict and judgment for the sum of $2,460.50, which included interest. Thereafter the court entered an order sustaining defendant's motion for judgment, in accordance with motion for directed verdict or, alternatively, for a new trial, "to be effective if the ruling on the motion for judgment is reversed * * *." Plaintiff appeals.

On behalf of plaintiff, Joseph E. Allen, President, and James R. Bates, Executive Vice-President, opened a savings account with defendant. The contract as to this account provided that withdrawals should be made upon the signature of either of the above officers. On and prior to July 11, 1962, there was a balance in the account of $1,873.72. On July 11th an employee in plaintiff's office (Dee Sullivan) presented to defendant an authorization to withdraw $1,000.00 and defendant issued its check payable to *plaintiff* in that sum. On July 12 this same employee presented to defendant an authorization for withdrawal of $850.00 and defendant issued its check for that amount payable to plaintiff. Both of these written withdrawal instruments were purportedly signed by James R. Bates but, in fact, Mr. Bates' signature, in both instances, was forged. There is no dispute as to these facts.

These two checks, defendant's exhibits 6 and 7, bear on their back "for deposit only, Alba and Associates." On the back of ex-

hibit 6 appears the stamp of Commerce Trust Company, "paid * * * July 11, 1962–11066." Exhibit 7 bears, on its back, the stamp of Commerce Trust Company, "paid * * * July 12, 1962–11066." Defendant's exhibit 1 was identified and admitted into evidence. It is a copy of plaintiff's "statement of your account for above date." It is a record of plaintiff's bank account with Commerce Trust Company, a bank in Kansas City in which plaintiff kept its bank account. It is the only bank in which plaintiff maintained a bank account. This exhibit (being also marked number 6) shows debits and credits on the account, beginning with June 29, 1962, and continuing through July 17, 1962. It appears that a deposit of $1,000.00 (the only deposit made that day) was made on July 11; that, on July 10, 1962, there was an over-draft of $830.54; that on July 11, there was an over-draft of $840.85; that, on July 12, 1962, the only deposit shown was for $850.00; and that, on that day, there was a balance of $9.15. All of the above exhibits stand unimpeached.

Miss Gonzales, a chief supervisor of bookkeeping at Commerce Trust (an employee for many years) stated in evidence that a check marked "for deposit only", as were those constituting defendant's exhibits 6 and 7, would be, as a matter of practice and in due course of business, must be credited to the account of Alba. She stated that, as to items shown by defendant's exhibits 6 and 7, they would have to be deposited to the Alba account. She further stated that the purported signature of Mr. Bates on the withdrawal authorization slips were not the same as shown by his signature on plaintiff's exhibit 1, (the depository contract).

Mr. McMahon identified defendant's exhibit 1 (Commerce Trust Statement of Account) as having been delivered to him by Mr. Bates, of Alba, during the course of his investigation of this matter on behalf of defendant's insurer.

Portions of Mr. Bates' deposition were read into evidence. In answer to a question as to what was done with the money withdrawn from Home Savings, Mr. Bates said: "I believe they were deposited in Alba's account—Commerce Trust—by Dee Sullivan."

Defendant read into evidence portions of plaintiff's response to defendant's request for admissions, from which it appears that plaintiff admits facts which establish that the proceeds of defendant's exhibits 6 and 7, (checks of defendant issued and payable to plaintiff) were deposited in plaintiff's checking account; and that the proceeds were used for the purpose of discharging plaintiff's legitimate obligations.

Considering all of the evidence in the case, oral and deposition testimony, unimpeached documentary evidence, and admissions of plaintiff, we hold that it is conclusively established that $1,850.00 of plaintiff's money was unlawfully paid out by defendant on a forged instrument; that the forger deposited this entire amount (the exact amount of the proceeds of the forgery) in the Commerce Trust Company, to the credit of plaintiff's checking account; and that the entire sum, thus illegally paid out by defendant, was, in fact, deposited in plaintiff's bank account; that plaintiff was not damaged to the extent of one cent by reason of this operation.

Since the facts conclusively establish that the entire amount of $1,850.00 involved herein eventually reached plaintiff's bank account we need only to rule the legal effect thereof.

We have been cited to no Missouri decision involving similar facts. However, there are decisions from other jurisdictions involving similar facts. They are quite persuasive.

In National Surety Corp. v. City Bank & Trust Co., 248 Wis. 32, 20 N.W.2d 559, 561, it was held that where money is obtained on a forged endorsement yet, if no loss directly resulted therefrom, plaintiff had no cause of action. In Commercial Credit Corp. v. Empire Trust Co., 260 F.2d 132 (U.S.C.A. 8th Circuit), the appellate Court affirmed a judgment of U.S.D.C., W.D.Missouri, 156 F.Supp. 599, for defendant where the proceeds of a forged instrument were received by the party to whom they were intended.

In Blomquist v. Zions First National Bank, 18 Utah 2d 65, 415 P.2d 213, the court considered a case involving two checks which were paid by the bank upon which they were drawn, although the signature of one endorser was forged. However, the proceeds of the checks eventually reached the person for whom they were intended. In affirming a summary judgment for the defendant bank the Court held that, since the money paid out on the checks reached the party rightfully entitled thereto, plaintiff's petition was properly dismissed.

In Jomack Lumber Co. v. Grants State Bank, 75 N.M. 787, 411 P.2d 759, 761, the Court said:

"The uncontradicted facts here disclose that Frances Burton cashed the checks in question at defendant bank. It was she who struck the restriction from the rubber stamp endorsement. However, the cash received by her was either deposited in plaintiff's account in the bank, or returned to the cash drawer by her. It is plaintiff's position that shortages were present in the accounts and the cash was necessary in the cash drawer in order to conceal them. It is argued that if the defendant had not violated its duties in this regard this cash would not have been available, and accordingly the defendant should be liable for the loss."

The court quoted from 15 Am.Jur. 388, Section 3, as follows:

"To warrant the recovery of damages in any case, there must be a right of action for a wrong inflicted by the plaintiff

therefrom. Wrong without damage, or damage without wrong does not constitutee a cause of action."

The judgment for defendant bank was affirmed.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.