*Municipal Court of the City of Boston*
No. 252895

## MAURICE GORDON

v.

## STATE STREET BANK
## & TRUST CO., ET AL

Argued: April 30, 1971 - Decided: May 6, 1971

*Present:* Adlow, C.J., Morrissey, J.

Gorrasi, Sp. J.

Case tried to Canavan, J.

**Adlow, C. J.** Action of contract to recover the sum of $5,000. charged by the State Street Bank and Trust Company to the account of Maurice Gordon on a check issued by Gordon as maker.

**There was evidence that** on May 14, 1969, Philip Wolf, a resident of Springfield, Massachusetts, came to the office of Gordon in Boston and requested a loan of $5,000. Wolf represented to Gordon that he was part-owner of a window company that had done business with Gordon. In negotiating the loan with Wolf, Gordon prepared a promissory note which provided for the signatures of Philip Wolf and his wife, Norma Wolf. He advised Wolf that his wife's signature was required because it was his policy in making loans to require the signature of the borrower's wife as well as that of the borrower. Wolf took the note from Gordon, and on the same day returned to Gordon's office with the note containing the requested signatures. On receipt of the note, Gordon tendered Wolf a check payable to Philip Wolf and Norma Wolf in the amount of $5,000. The check was drawn on the State Street Bank & Trust Company. The plaintiff Gordon never met Norma Wolf, and testified that he intended the money to be used by Philip Wolf.

On May 15, 1969 Wolf went to the First Bank

and Trust Company of Hampden County and presented the check for payment. He drew thirteen hundred ($1300.00) dollars in cash and deposited the balance in the name of Philip Wolf and Norma Wolf in said First Bank and Trust Company of Hampden County. On May 16 the check was received by the State Street Bank and Trust Company which paid it and charged the amount to the maker's (plaintiff's) account. Philip Wolf died on May 24, 1969. Shortly thereafter Gordon learned of the death and contacted Norma Wolf who denied ever having signed the note, or the check, or of having any knowledge whatever of the transaction. Gordon thereupon reported the alleged forgery to the State Street Bank and Trust Company, and demanded a return of the $5,000 charged to his account on account of said check. In this action he seeks a return of the $5,000.

At the close of the evidence the plaintiff requested the court to rule that as a matter of law the evidence requires a finding for the plaintiff. The court refused to so rule and in addition, found as a fact that "the proceeds of the check went to the very person intended to receive them." There was a finding for the defendant, and being aggrieved the plaintiff brings this report.

Under the provisions of the Uniform Commercial Code:

"Any person who by his negligence substantially contributed to a material alteration of

the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business." Mass. G.L.c. 106, §§3-406. This language is declaratory of common law principles. *Gloucester Bank* v. *Salem Bank,* 17 Mass. 33 at 43 (1820). *Young* v. *Grote* (1827), 4 Bing. 253. *Nat. Bank of No. America* v. *Banks,* 106 Mass. 441, 444 (1871). In the cause under review the plaintiff accepted from an applicant for a loan a note signed by the applicant and by one represented by the applicant to be his wife. As between the maker of the check who accepted the note containing the forgery and the drawee bank, which knew nothing about either the payee or his spouse whose name was allegedly forged, it is clear that the plaintiff as maker of the check contributed to the promotion of the fraud of the payee Philip Wolf. The loss should be borne by the party whose conduct made the loss possible. *U.S.* v. *Citizens Union Nat. Bank,* 40 Fed Supp. 609, 610.

Aside and apart from the issue of negligence, the court resolved the issue by a finding of fact, which was warranted by the evidence and which precluded a recovery by the plaintiff. Though the general rule is that a drawee bank can make charges against the depositor's account only on

his authentic order and on genuine endorsements, the rule is usually relaxed, if it is established that the proceeds of the check reached the person for whom they were intended. *Commercial Credit Corp.* v. *Empire Trust Co.,* 260 F.2d 132, 134. *Gotham-Vladimir Advtng., Inc.* v. *First Nat. City Bank,* 277 N.Y.S. 2d, 719. *Michie on Banks and Banking:* Vol. 5B, sec. 277a, pp. 72-73.

Norma Wolf took no part in the negotiations between the plaintiff Gordon and Philip Wolf. She had no interest in the transaction nor in the proceeds derived from the issuance of the check. This check was issued by Gordon in payment for the note delivered to him by Philip Wolf. While Gordon insisted on having the name of Wolfe's wife on the note as additional security, it did not alter the fact that no one except Wolf was to get the money.* This is exactly what happened. Actually, Gordon's loss derives from receiving a note signed only by Philip Wolf. The inclusion of the name of Norma Wolf on the check as a payee merely identified the check with the note for which it was given. Her name

---

* G.L. c. 106, § 3-405 states in pertinent part that: "(1) An indorsement by any person in the name of a named payee is effective if (a) an imposter by the use of the mails or otherwise has induced the maker or drawer to issue the instrument to him or his confederate in the name of the payee; or (b) *a person signing as or on behalf of a maker or drawer intends the payee to have no interest in the instrument.*"

was not included with a view to giving her an interest in the proceeds. Whether she signed the check or not was immaterial. *Pennsylvania Co., etc.* v. *Fed Reserve Bank,* 30 Fed. Supp. 982-984. *U. S.* v. *Citizens Union Nat. Bank,* 40 Fed. Supp. 809. *Provident Sav. Bank & Tr. Co.* v. *Fifth Third Union Tr. Co.,* 183 N.E. 885 (Ohio).

The proceeds of the check having actually reached the person whom the maker intended to receive them, he is now in no position to claim that the acts of the drawee bank have in any way prejudiced his position. *Coplin* v. *Maryland Trust Co.,* 222 Md. 199, 123. *Fed. Land Bank* v. *Omaha Nat. Bank,* 225 N.W. 471. See also *McCook* v. *First St. Bank of Abilene,* 367 S.W.2d, 66.

There was no error. **Report dismissed.**

JORDAN L. KING
    of Boston for the Plaintiff.

PAUL R. DEVIN
    of Boston for the Defendant.