SOEKLAND v. STORCH.

Opinion delivered April 3, 1916.

1. BILLS AND NOTES—FICTITIOUS PAYEE.—A fictitious payee means a fictitious person, who, though named as payee in the note, has no right to it, or the proceeds of it, because it was not so intended when the note was executed.

2. BILLS AND NOTES—FICTITIOUS PAYEE—INTENT.—Whether a note is to be considered as having a fictitious payee, depends upon the knowledge or intention of the party against whom it is attempted to assert the rule, and not upon the actual existence or nonexistence of a payee of the same name as that inserted in the instrument.

3. BILLS AND NOTES—FICTITIOUS PAYEE—VALIDITY.—A note is invalid when payable to a fictitious payee.

4. BILLS AND NOTES—NOTE PAYABLE TO PAYEE UNDER ASSUMED NAME.—Plaintiff, whose name was actually Storch, loaned money to defendant, taking a note therefor payable to Krause, a name which plaintiff had, for the time being, assumed. Held, it was the intention of the plaintiff, when he took the note, that the same be payable to himself, and he alone had the right to collect it, and that the same was valid.

Appeal from Arkansas Circuit Court, Northern District; T. C. Trimble, Judge; affirmed.

*John L. Ingram,* for appellant.

1. Payment of a note to a fictitious person cannot be enforced, except in the hands of an innocent purchaser. 1 Daniels Neg. Inst. (5 ed.) § 136; 4 Am. & Eng. Enc. Law, (2 ed.) p. 115; Bigelow on Bills, etc., (2 ed.), p. 26; 4 A. & E. Enc. L. (2 ed.) p. 116.

HART, J. John Storch sued A. H. Soekland for $147.00 alleged to be due on a promissory note. The plaintiff introduced in evidence a note dated Stuttgart, Arkansas, October 1st, 1912, for $147.00 payable to the order of M. Krause at the National Bank of Stuttgart, Arkansas.

The plaintiff testified that his real name is John Storch; that at the date of the execution of the note, on account of trouble that he had had with his wife he assumed the name of M. Krause, Krause having been his mother's maiden name; that he loaned to the defendant $147.00 and took the defendant's note therefor payable to the order of Krause, that being the name he had assumed at that time and by which he was known; that the defendant has not paid any part of the note; that his wife died before the institution of this suit and that he has again taken his real name. No evidence was introduced on the part of the defendant. The court directed a verdict for the plaintiff and the defendant has appealed.

Prof. Daniel says: "The law abhors fraud and discountenances the instruments by which it may be committed. For this reason bills and notes payable to fictitious payees are not tolerated, and will never be enforced, save when in the hands of a *bona fide* holder, who received them without knowledge of their true character. The appearance of a name upon the paper as a payee and endorser is naturally calculated, and has been often used as a means to give it fictitious credit, whereby innocent parties are beguiled into purchasing it." Daniel on Negotiable Instruments (6 ed.), vol. 1, § 136. Counsel for defendant invokes this rule to reverse the judgment in this case.

We do not think, however, the note in question had a fictitious payee within the meaning of the rule announced by Prof. Daniel. Whenever the name is inserted as payee without any intention that payment shall be made only in conformity therewith, the payee then becomes a fictitious person. In other words under the rule a fictitious payee means a fictitious person, who though named as payee in the note, has no right to it, or the proceeds of it, because it was not so intended when the note was executed. Therefore whether the paper is to be considered as having a fictitious payee depends upon the knowledge or intention of the party against whom it is attempted to assert the rule, and not upon the actual existence or non-existence of a payee of the same name as that inserted in the instrument; so that on the one hand a real person may be fictitious, and on the other a non-existing person may be real within this rule. 4th Am. & Eng. Ency. of Law (2 ed.), p. 116; Daniel on Negotiable Instruments (6 ed.), vol. 1, § 141.

In the present case the plaintiff adopted and used the name of M. Krause as his own at the time he loaned the money to the defendant and took his note therefor. It was the intention of the plaintiff that the note should be payable to himself and he alone had the right to collect the note.

Judgment will be affirmed.