**W. H. JOHNSTON, individually, trading and doing business under the firm name of Johnston Fixture Co., v. THE EXCHANGE NATIONAL BANK OF TAMPA, a banking corporation.**

9 So. (2nd) 810          June Term, 1942
October 2, 1942          Division B

*Mabry, Reaves, Carlton & White,* for appellant.
*Knight & Thompson,* for appellee.

THOMAS, J.:

The appellant claims that error was committed by the circuit judge when he entered judgment on the demurrer to the amended fifth count of the declaration after "offering leave to plaintiff to further amend . . . as he might be advised" and after "plaintiff in open court" declined to revise his pleading.

The principle relied upon to secure reversal is the one stated in Guaranty State Bank & Trust Co. v. Lively, 108 Tex. 393, 194 S. W. 937; "A check made payable to a fictitious person with the knowledge of the maker is payable to bearer, and a bank which paid the check would be protected in its payment to any one presenting it. But a check which is made payable to a fictitious person without the knowledge of the maker is not payable to bearer, and it is the duty of the bank before paying it to ascertain the existence and the identity of the payee, and, failing to do so, to refuse its payment." Under the negotiable instruments law a note is payable to the bearer "when it is payable to the order of a fictitious or non-existing person, and such fact was known to the person making it so payable." Paragraph (3), Section 674.11, Florida Statutes, 1941.

Having given the rule which the appellant claims as support for his contention and the part of the statute of this State with reference to the status of a negotiable instrument bearing the name of a fictitious payee we now proceed to an analysis of the declaration in this case.

It was stated there that the appellee, a banking corporation, charged to the account of the plaintiff a check drawn by him and payable to "Browns Electric Shop, Zephyrhills, Fla." There was attached to the check "an invoice to be receipted for by Brown's Electric Shop, Zephyrhills, Fla." and, so it was alleged, the bank was directed "by instructions contained upon said check" not to pay it unless the invoice attached "was receipted by Brown's Electric Shop, Zephyr-

hills, Fla." Parenthetically, copies of the check and invoice were made parts of the declaration.

It was then averred that no such business actually existed or was being operated at the town stated and that this was not known to the drawer. There followed in the declaration the charge that a duty devolved upon the bank "to ascertain whether in truth and in fact there was such a payee" as we have given in quotations and to pay the check only to that precise payee "but that said bank paid said check relying upon a fictitious endorsement 'Brown's Electric Shop.' " Although no mention had theretofore been made in the declaration of "Sadler's I. G. A. Store," it was then averred that the plaintiff "was led to believe" that said organization had received from "Brown's Electric Shop" certain machinery described in the invoice "and, therefore, this plaintiff [appellant] extended" to the former credit in the amount of the check but that, contrary to appellant's belief, "Sadler's I.G.A. Store" did not receive from "Brown's Electric Shop" the machinery described and "Sadler's I.G.A. Store did not pay said credit so extended" with the result that the plaintiff was damaged.

We think that the following is a fair interpretation of the transaction disclosed by the check, the invoice and the allegations of the declaration: The appellant, trading as "Johnston Fixture Co.," issued to "Brown's Electric Shop" a check on the appellee bank for five hundred dollars, the purchase of certain equipment delivered by that business to "Sadler's I.G.A. Store," and extended a credit in that amount to the latter. Inscribed on the instrument was the warning: "Do not Pay Unless Receipted Invoice Is Attached to This Check . . . " The invoice described the equipment, contained a receipt for five hundred dollars signed "Brown Elec. Shop by L. E. Brown," and bore the statement "that the [equipment] of this invoice has been satisfactorily installed and the terms of the guarantee from Brown Electric Shop are satisfactory to me" which was signed "Sadlers I.G.A. Store W. H. Sadler." Endorsed on the check were "Brown Elec. Shop By L. E. Brown" and "W. H. Sadler."

We think that the allegations of the declaration, considered with the instruments made a part of it, completely refute the position of the plaintiff that the check was issued to a fictitious or nonexisting person, as contemplated by the rule which we stated at the outset, and that such fact was unknown to the drawer at the time thereby placing the responsibility on the bank for the amount paid by it to the payee.

Decision of this controversy hinges on a correct definition of the term "fictitious payee" as used in the statute and the decisions. The payee described in the pleading did not fall in that category. It is evidently the appellant's contention that he need allege and prove only the mythical character of Brown's Electric Shop and his own ignorance of its nonexistence in order to fix responsibility on the bank for honoring the check. This theory has been adopted by him despite the allegations of the declaration outlining a not unusual transaction. If we were to adopt his view we would lose sight of the essential characteristics of a payee who is fictitious. The distinction is well drawn in Soekland v. Storch, 123 Ark. 253, 185 S. W. 262, Ann. Cas. 1918 A 668, where it was written "Whenever the name is inserted as payee without any intention that payment shall be made only in conformity therewith, the payee then becomes a fictitious person. In other words under the rule a fictitious payee means a fictitious person, who though named as payee in the note, has no right to it, or the proceeds of it, because it was not so intended when the note was executed. Therefore whether the paper is to be considered as having a fictitious payee depends upon the knowledge or intention of the party against whom it is attempted to assert the rule, and not upon the actual existence or nonexistence of a payee of the same name as that inserted in the instrument; so that on the one hand a real person may be fictitious, and on the other a non-existing person may be real within this rule."

Thus, it would seem that the emphasis is not placed on the actual existence of the payee but upon the intention of the drawer and the right of the payee to the proceeds. It was said by the supreme court of South Carolina that the

reference in the statute to a "fictitious or nonexisting person" meant one "who, though named as payee in a check, has the right to it, or the proceeds of it, *because the drawer of it so intended,* and it, therefore, matters not whether the name of the payee used by him be that of one living or dead or of one who never existed." Bourne v. Maryland Casualty Co., 185 S. C. 1, 192 S. E. 605, 611. In Norton v. City Bank & T. Co. (1923; C.C.A. 4th) 294 F. 839, 844, the court said that "a negotiable instrument is drawn to a fictitious payee whenever the payee named in it has no right to it, and its maker does not intend that such payee shall take anything by it,"fictitiousness therefore depending on the intention of the maker and the payee's right to the proceeds. Emphasizing the proposition that an existing person may be a fictitious payee, the supreme court of Missouri, in First Nat. Bank v. Produce Exch, Bank, 338 Mo. 91, 89 S.W. (2nd) 33, said that "the payee named in an instrument will be deemed fictitious though designating an existing person, if there was no intent he should have a beneficial interest in the paper."

Our construction of the pleading and the exhibits is that L. E. Brown, trading as Brown's Electric Shop, delivered property to appellant's debtor and that the drawer intended him to receive the money in exchange for the goods. Bourne v. Maryland Casualty Co., supra. There was no irregularity in using the trade name as payee. Renfrow v. Anthony, 253 Ill. App. 123. It is true that the pleader asserts that its debtor did not receive the property for which the check was given but this allegation is contradicted by the receipt on the invoice made a part of the pleading and signed by that very debtor.

Judging the entire transaction we think that the payee named here was not fictitious and that there is no responsibility on the part of the bank to pay to the plaintiff the amount of the check which actually is represented by a charge against "Sadler's I.G.A. Store." It appears from the conclusion of the declaration that that business is the one indebted to the plaintiff for the amount of the check and the court is not advised by the pleadings why the responsibility should not be placed there. It is a fair deduction that the

loss to the plaintiff was occasioned by the failure of "Sadler's I.G.A. Store," as alleged in the declaration, to "pay said credit so extended to it by this plaintiff."

We think the declaration wholly fails to state any cause of action against the bank.

Affirmed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.