96 So.2d 409 (1957)
The FLORIDA NATIONAL BANK AT ST. PETERSBURG (Florida), a National Banking Corporation, Appellant,
v.
L.J. GEER, Appellee.
Supreme Court of Florida.
July 10, 1957.
Ed W. Harris and Harris & Wing, St. Petersburg, for appellant.
Merle E. Rudy, St. Petersburg, for appellee.
O'CONNELL, Justice.
The appellant, The Florida National Bank at St. Petersburg, hereinafter referred to as the bank, was defendant below and the appellee, L.J. Geer, hereinafter referred to as Geer, was the plaintiff.
After a portion of the bank's answer was stricken by the court a summary final decree was awarded Geer requiring the bank to restore to the account of Geer with the bank the sum of $1,000. That sum had previously *410 been removed from Geer's account by the honoring of a check which was not endorsed by the payee named therein. The bank appeals the order striking a portion of its answer and the summary final decree.
The record shows that Geer made a check in the amount of $1,000 payable to the order of N.C. Baughman drawn on the bank. The check was endorsed, not by the payee N.C. Baughman, but by C.N. Baughman, son of N.C. Baughman. C.N. Baughman cashed the check at the Union Trust Company in St. Petersburg and that bank presented the check for payment to the defendant bank. The bank paid the Union Trust Company, removing $1,000 from Geer's account.
Geer filed a complaint in chancery charging the bank with wrongfully and unlawfully removing the sum from his account in that the defendant paid without proper endorsement a check drawn on his account. Geer also alleged that N.C. Baughman and C.N. Baughman are father and son; that in his business as a general contractor Geer had done business for years with the Baughmans who were plastering contractors doing business under the name of "N.C. Baughman & Son"; and that when the son, C.N. Baughman, obtained the proceeds of the check he diverted them to his own use and failed to pay for plastering materials "used under his subcontract with the plaintiff" for which materials Geer was subsequently compelled to pay, in the sum of $1,010.65. He alleged that C.N. Baughman was insolvent.
The bank filed its answer, motion to dismiss, and cross-claim. In its answer it admitted it had cashed the check without the endorsement of the named payee but denied that Geer suffered any damages. It alleged it was informed and believed that the particular work for which payment was received by C.N. Baughman was work subcontracted for by Geer with C.N. Baughman individually; that Geer erroneously and through his own fault made the check payable to N.C. Baughman; and that the check actually belonged to C.N. Baughman and that he was authorized to get the proceeds thereof. The bank then alleged that if the check had been made payable to C.N. Baughman the proceeds thereof would have been used just as they had been used and that therefore Geer suffered no damage by the check having been improperly drawn and endorsed by C.N. Baughman.
The bank moved that Geer's action be dismissed for the reason, among others, that the complaint showed that if there were any irregularity in the endorsement it was due to the fault of Geer, who made the check payable to the wrong party, and that the right party received the money to which he was entitled.
The bank filed a cross-claim against the Union Trust Company, N.C. Baughman and C.N. Baughman. N.C. Baughman filed an answer thereto, stating that he had no interest in the litigation or in the $1,000 check or the proceeds thereof and that he had sold his interest in the business to his son who was the rightful owner of the check.
Geer moved to strike from the answer of the bank the portion thereof which set up the defense that the proceeds of the check actually belonged to C.N. Baughman, the person who endorsed and received the proceeds of the check, that the check had been erroneously made to N.C. Baughman, and that Geer had suffered no damage by the bank having cashed the check without the endorsement of N.C. Baughman.
After hearing argument, the court entered its order denying the bank's motion to dismiss Geer's complaint and granting the motion to strike the above mentioned portion of the bank's answer.
Geer moved for summary decree without supporting affidavits and the court entered a summary final decree wherein the bank was ordered to restore to the account of Geer the sum of $1,000, "which sum had previously been removed from said account *411 by honoring a check which was not endorsed by the payee named therein."
The bank contends that it incurs no liability for payment of a depositor's check, whether improperly endorsed or not endorsed at all, if it can be shown that the proceeds of the check reached the intended payee. It argues that the test in such case is whether the endorsement is made by the person whom the drawer intended to be the payee.
Geer's response to this contention is that it was manifest from the pleadings that he intended N.C. Baughman to receive the proceeds of the check. Geer's complaint does not allege that N.C. Baughman was the one to whom the proceeds of the check were due, in fact he alleges that:
"* * * he (C.N. Baughman) diverted and converted said funds to his own use, and failed to pay for plastering materials used under his (C.N. Baughman's) sub-contract with the plaintiff to an extent greater in amount than the sum thus wrongfully withdrawn, for which materials the plaintiff (Geer) was subsequently compelled to pay. * * *" (Matter in parenthesis supplied by us.)
Geer explains that he made the check payable to the father rather than to the son because he had reason to mistrust the son and doubted his financial stability.
Geer argues also that the bank, at the time it cashed the check in question, had no knowledge of the allegations stricken from its answer by the court, and therefore should not be entitled to prove same to excuse itself from liability.
The bank cites Sec. 674.11(3), F.S.A., which is Sec. 9, The Negotiable Instruments Law, as controlling this case:
"The instrument is payable to bearer:
* * * * * *
"(3) When it is payable to the order of a fictitious or non-existing person, and such fact was known to the person making it so payable * * *."
The application of the above cited statute is dependent upon the definition of the term "Fictitious person" or fictitious payee.
In the case of Johnston v. Exchange Nat. Bank of Tampa, 1942, 152 Fla. 228, 9 So.2d 810, 811, this Court, speaking through Mr. Justice Thomas, approved the definition of the term as found in Soekland v. Storch, 123 Ark. 253, 185 S.W. 262, Ann.Cas. 1918A, 668 as follows:
"`Whenever the name is inserted as payee without any intention that payment shall be made only in conformity therewith, the payee then becomes a fictitious person. In other words, under the rule a "fictitious payee" means a fictitious person, who, though named as payee in the note, has no right to it, or the proceeds of it, because it was not so intended when the note was executed. Therefore whether the paper is to be considered as having a fictitious payee depends upon the knowledge or intention of the party against whom it is attempted to assert the rule, and not upon the actual existence or nonexistence of a payee of the same name as that inserted in the instrument; so that, on the one hand, a real person may be fictitious, and, on the other, a nonexisting person may be real within this rule.'"
In the Johnston case this Court also approved the definition of the same term given in First Nat. Bank of Kansas City v. Produce Exch. Bank, 1935, 338 Mo. 91, 89 S.W.2d 33, 37 as follows:
"`the payee named in an instrument will be deemed fictitious though designating an existing person, if there was no intent he should have a beneficial interest in the paper.'"
In the Johnston case this Court, on p. 812, in citing the definition given in Norton v. *412 City Bank & Trust Co., 4 Cir., 1923, 294 F. 839, 844, said:
"`A negotiable instrument is drawn to a fictitious payee whenever the payee named in it has no right to it, and its maker does not intend that such payee shall take anything by it,' fictitiousness therefore depending on the intention of the maker and the payee's right to the proceeds."
In McKenna, Negotiable Instruments, 10 Miami Law Quarterly 374 (1956), the author, citing Johnston v. Exchange Nat. Bank of Tampa, supra, states that in Florida, as of June 1955, a genuine endorsement of the payee is not necessary to a transfer of title to a negotiable instrument either where the person executing the instrument, or his agent who supplied the name, never intended the named payee to receive payment. He comments that such an instrument will be treated just as though it were payable to bearer, on its face.
It therefore appears that the above quoted section of the Negotiable Instruments Law and of our Statutes, Sec. 674.11(3), is interpreted as if it read:
"the instrument is payable to bearer when it is payable to the order of a person whom the person making it so payable intended should have no interest in the instrument." Britton on Bills and Notes, ch. 4, sec. 149, p. 700 (1943).
Following the above cited construction of the statute and definitions of the term "fictitious person" it seems clear that the bank will be relieved of liability in this case if it can prove that the check was payable to a fictitious person, or stated another way, if it can prove that N.C. Baughman had no right to the check and that Geer, the maker, did not intend that N.C. Baughman receive the proceeds thereof. It follows that the bank should have been allowed to allege and to prove such facts and intent. While the allegations of the answer which were stricken could well be improved we are inclined to the view that they are sufficient to support proof which could show the check to have been made to a "fictitious person" and therefore that it was a bearer instrument. If it was a bearer instrument the endorsement of N.C. Baughman would not be required. For the above reasons it was error to strike the relevant portions of the bank's answer.
If the bank be not able to prove the essentials necessary to bring this case under the "fictitious person" doctrine there is a rule of law supporting the bank's contention that there is no liability on a drawee bank for paying a check on a faulty or improper endorsement, or even without endorsement, if the bank proves that the intended person received the proceeds of the check. Modern Equipment Corporation v. Northern Trust Company, 1936, 284 Ill. App. 586, 1 N.E.2d 105; Norton v. City Bank & Trust Co., 4 Cir., 1923, 294 F. 839; Moore v. Moultrie Banking Company, 1929, 39 Ga. App. 687, 148 S.E. 311; Lanasa v. Griswold, 1926, 151 Md. 26, 133 A. 840; Lincoln Bldg. & Loan Ass'n v. Liberty Nat. Bank and Trust Company, 1950, 312 Ky. 282, 227 S.W.2d 191; Sweeney v. National City Bank of Troy, 1939, 256 App.Div. 1022, 10 N.Y.S.2d 796; and Segal v. National City Bank of New York, 1945, 269 App.Div. 985, 58 N.Y.S.2d 261.
The rule followed in the cases just above cited is based on the sound reasoning that when a bank pays funds to a person whom a depositor intended to receive them the bank has performed its duty to the depositor. Nor does it matter that the bank did not know at the time it paid a check, without proper endorsement, that the intended person would in fact receive the proceeds, if it can prove that such person did receive them. Modern Equipment Corporation v. Northern Trust Company, supra, 1 N.E.2d at pages 107-108. Therefore the bank should have been allowed to allege that C.N. Baughman was the person intended to receive the proceeds of the check and that he did receive them.
*413 Our holding that the order striking portions of the bank's answer was error requires us to hold that the entry of the summary final decree was also error.
We have only decided that the bank should have the opportunity of proving either that the check in question was payable to bearer under the provisions of Sec. 674.11(3), F.S.A. as discussed herein or that the intended person received the proceeds of the check, and that if it can prove either situation it is relieved of liability for its payment of the check without proper endorsement.
Reversed for further proceedings consistent with this opinion.
TERRELL, C.J., HOBSON and THORNAL, JJ., and LUCKIE, Circuit Judge, concur.