183 So.2d 719 (1966)
Mabrey Hall KING, Appellant,
v.
Diamond F. CALIFANO, Appellee.
No. F-548.
District Court of Appeal of Florida. First District.
March 1, 1966.
Rehearing Denied March 28, 1966.
*720 Leon G. Van Wert, of Howell, Kirby, Montgomery & Sands, Daytona Beach, for appellant.
Maurice Wagner, Holly Hill, and Richard D. Bertone, Daytona Beach, for appellee.
CARROLL, DONALD K., Judge.
The defendant in an automobile collision case has appealed from a final judgment entered by the Circuit Court for Volusia County, based upon a jury verdict for the plaintiff.
Two points are raised for our determination in this appeal: whether the trial court committed reversible error in refusing to allow a police officer on the witness stand to refresh his recollection from his personal notes; and whether the trial court committed such error in prohibiting the defendant's attorney from reading explanatory portions of the defendant's deposition after the plaintiff's attorney had read other portions thereof for the purpose of impeaching the defendant's trial testimony.
This litigation grew out of an intersectional collision on October 25, 1962, in Ormond Beach, Volusia County, Florida, between an automobile operated by the plaintiff and a car owned and operated by the defendant. The plaintiff in her complaint charged the defendant with the negligent and careless operation of her car, and the defendant's answer generally denied the allegations of the complaint and pleaded contributory negligence by the plaintiff. The case was tried before a jury on the issues of the defendant's negligence, the plaintiff's contributory negligence, and the amount of the plaintiff's damages.
Regarding the first point raised in the appeal  involving the trial court's refusal *721 to allow a police officer to refresh his recollection from his personal notes  the officer in question was James M. Patterson, one of the two defense witnesses at the trial (the other was the defendant herself).
Patterson was the police officer who conducted an investigation at the scene of the accident shortly after the collision occurred. As a witness for the defendant, he was not allowed by the trial court to refresh his present recollection by referring to notes in his little black book, after having testified that he made an original accident report in pencil at the scene of the accident shortly after its occurrence, that the said report had been kept on file at the police station in Ormond Beach, and that it had been copied verbatim in ink sometime later by Patterson himself in the little black book, which he carried with him.
In many cases the appellate courts of Florida have had occasion to lay down the rules pertaining to the use by a witness of a memorandum with which to refresh his recollection. One of the clearest statements of this rule, distinguishing such use from a witness' use of the memorandum where there is no independent recollection, is found in the opinion of the Supreme Court of Florida in Volusia County Bank v. Bigelow, 45 Fla. 638, 33 So. 704 (1903), as follows:
"There is a clear and obvious distinction between the use of a memorandum for the purpose of stimulating the memory and its use as a basis for testimony regarding transactions as to which there is no independent recollection. In the former case it is immaterial what constitutes the spur to memory, as the testimony, when given, rests solely upon the independent recollection of the witness. In the latter case the memorandum furnishes no mental stimulus, and the testimony of a witness by reference thereto derives whatever force it possesses from the fact that the memorandum is the record of a past recollection, reduced to writing while there was an existing independent recollection. It is for that reason that a memorandum, to be available in such cases, must have been made at or about the time of the happening of the transaction, so that it may safely be assumed that the recollection was then sufficiently fresh to correctly express it. The assumed reliability of the memorandum as a contemporaneous record is the sole justification of its use by the witness, and hence it is essential in such cases that the witness should produce and testify by reference to the original memorandum, or satisfactorily account for its absence, before resort can be had to a copy."
The District Court of Appeal for the Second District of Florida in Lobree v. Caporossi, 139 So.2d 510 (1962) applied the foregoing rule to the testimony of an investigating police officer who refreshed his memory by referring to his accident report, the appellate court saying:
"We are not aware of any jurisdiction that now excludes all of the testimony of an investigating police officer on the basis that he has refreshed his memory by referring to his accident report.
"Every day the police officials of the State of Florida, and the counties and cities therein, investigate automobile accidents and weeks, months or even years after the date of their investigation of the accident, they testify as to distances, skid marks, conditions of the automobiles, location of debris upon the highway and numerous other details which they learned in the course of their investigations. It would be utterly naive to assume that they are testifying from memory, for clearly they could not remember the details of each of the scores of accidents investigated by them. To have them endeavor to do so, that is, to testify from memory, without refreshing their memory, would be to invite total and complete, but inadvertent *722 misstatements of fact as to such details. See Davis v. Brooks Transportation Company, 186 F. Supp. 366 (D.Del. 1960).
"We, therefore, hold that the court erred in sustaining the objections to the testimony of the police officers."
Nevertheless, in the case at bar the trial court sustained the plaintiff's objection to Patterson's use of his said notes in testifying, directed Patterson not to use them further, and immediately charged the jury that the "testimony based upon the notes, is not to be regarded by you as evidence in this case."
As we read the trial transcript in this case, it seems to us that Patterson was entitled to make use of the notes in question in order to refresh his recollection while testifying concerning the detailed facts at the accident scene, under the above-quoted rules recognized in the Bigelow and Lobree cases and in many other Florida decisions. We think that those notes were essentially used as a "stimulus" or "spur" to his memory and independent recollection.
While, as mentioned earlier, the notes used by Patterson on the witness stand were not his original notations, he testified that the notes so used were made by him sometime after the accident and were identical to the pencilled notes which he had made at the scene of the accident, which pencilled notes were the basis of an accident report on file in the Ormond Beach police station. We think that by such testimony Patterson satisfactorily accounted for the absence from the courtroom of the original police report before he resorted to his copy of the report incorporated in the notes which he used to refresh his recollection.
In our view, therefore, the trial court erred in sustaining the plaintiff's objection to Patterson's testimony based upon his use of the said notes and in directing the jury to disregard Patterson's said testimony. Whether we consider this error so prejudicial as to constitute reversible error, we will discuss later in this opinion.
The second point raised by the appellant in this appeal is whether the trial court committed reversible error in prohibiting the defense counsel at the trial from reading explanatory portions of the defendant's deposition after the plaintiff's attorney had read other portions thereof for the purpose of impeaching the defendant's testimony at the trial.
Except for the police officer, Patterson, the only defense witness at the trial was the defendant herself. On direct examination she gave her version of the events leading up to the collision which is the subject-matter of the present action.
On cross-examination the plaintiff's attorney attempted to impeach her testimony on direct by reading the answers she gave to certain questions at a deposition hearing held about a month before the trial. In response to a defense objection to the reading of one of the answers from the deposition transcript, the plaintiff's attorney explained that he was offering such answer "for no other reason that to show that the witness previously testified that she has no obligation to look left or right." Later the plaintiff's attorney explained that he "used the deposition to attack the veracity of this witness' testimony."
Following the foregoing cross-examination of the defendant, her counsel on redirect examination stated that he would read some of the questions and answers from the said deposition transcript that the plaintiff's attorney had left out. The latter attorney immediately objected to this procedure on the ground that he had "not offered any portion of this deposition in evidence. I have used this deposition to attack the credibility of this witness's testimony." The trial court sustained this objection and affirmed that its said ruling meant that the defense counsel could not "read even a portion of the deposition that explains a portion of the deposition" that the plaintiff's attorney *723 read, even if the latter "stopped reading right before" that question.
At first consideration this ruling of the trial court seems to conflict with both the letter and spirit of Rule 1.21, subdivision (d), paragraph (4), of the Florida Rules of Civil Procedure, 30 F.S.A., providing as follows:
"If only a part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts."
This quoted language is identical to that found in a provision in Rule 26(d) (4) of the Federal Rules of Civil Procedure. This federal provision has been interpreted in many federal decisions. Those interpretations have been summarized by Barron and Holtzoff in their authoritative "Federal Practice and Procedure with Forms," Rules Edition, Vol. 2A, Sec. 654, page 166, as follows: "If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts. This provision guards against the possibility of giving the court a distorted picture of the deponent's testimony by introducing only part of it."
In another authoritative work on the Federal Rules of Civil Procedure, "Moore's Federal Practice," the authors state (in Vol. 4, Second Edition, Sec. 26.31, page 1677): "Rule 26(d) (4) prevents the unfair use by a party of parts of a deposition by providing that the adverse party `may require him (the party introducing a part of a deposition) to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts.'"
In one of the leading cases construing Federal Rule 26(d) (4), Westinghouse Electric Corp. v. Wray Equipment Corp., 286 F.2d 491 (1961) (cert. den. 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388), the United States Court of Appeals for the First Circuit said:
"The rule provides a method for averting, so far as possible, any misimpressions from selective use of deposition testimony. The opposing party is entitled under the rule to have the context of any statement, or any qualifications made as a part of the deponent's testimony also put into evidence. We believe that the spirit of the rule dictates that the opposing party should be able to require the introduction of the relevant parts of the deposition testimony at least at the conclusion of the reading of the deposition."
While we have found no Florida decision construing the above-quoted provision of the Florida Rules of Civil Procedure, the cited decisions of the federal courts construing the same provision in the federal rules are entitled to at least persuasive weight in our construction and application of the said Florida rule. In any event, the construction of the federal courts strikes us as a natural and just construction of the quoted provision. In addition, such construction seems to us to comport with the requirements of proper construction as set forth in Rule A of the Florida Rules of Civil Procedure: "These rules shall be construed to secure the just, speedy and inexpensive determination of every action."
To attain such a just determination and to ascertain the truth in controversies is the ultimate and noble objective of our court system. Our procedural rules are designed as a vehicle to aid the court, the jurors, and the litigants to reach that objective as nearly as humanly possible. It is thus contrary to the intent and spirit of those rules to allow one party to use them to take an unfair advantage of the other party, such as in presenting a half-truth and then objecting to the other party's effort to present the whole truth from the same evidentiary source. This latter description, we *724 think, fits the situation in the case at bar, wherein the trial court permitted the plaintiff's attorney to read certain selected and prejudicial portions of the defendant's deposition in order to discredit her trial testimony but prohibited the defense counsel from reading other portions of the same deposition transcript which explained and classified her answers read by the plaintiff's attorney and which other portions presumably demonstrated that the defendant's trial testimony should not be discredited. We think, therefore, that the trial court erred in prohibiting the defense counsel from using the other relevant portions of the defendant's deposition transcript in his effort to demonstrate to the court and jury that the "whole truth" was that the defendant's trial testimony should not be discredited on account of her testimony at the deposition hearing.
This error was, we think, prejudicial to the defendant at the trial, and hence constituted reversible error. This prejudicial effect was made especially severe when considered in connection with the court's other erroneous trial ruling, which we discussed in the first part of this opinion, forbidding the defendant's witness Patterson from using his notes to refresh his recollection. Inasmuch as the only witnesses for the defense at the trial were the said Patterson and the defendant herself, obviously the court's two erroneous rulings, concerning the testimony of both of these witnesses, must have had a disastrous effect upon the chances of the defendant's obtaining a favorable verdict from the jury.
The final judgment appealed from herein must, therefore, be and it is reversed and the cause remanded for a new trial to be held in accordance with the views herein expressed.
Reversed and remanded with directions.
WIGGINTON, Acting C.J., and STURGIS, J., concur.