No. 22550.

ROBERT I. SKINNER *v.* MORTGAGE INVESTMENTS COMPANY.

(438 P.2d 504)

Decided March 18, 1968.

RAYMOND DUITCH, for plaintiff in error.

FAIRFIELD and WOODS, CHARLES J. BEISE, CHARLTON H. CARPENTER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THE parties appear here as they were aligned in the trial court and will be referred to herein as they were there designated. Plaintiff's complaint alleged that he held for value an unpaid bill of exchange [check] issued by the defendant, and sought recovery thereon. After some discovery by way of interrogatories and depositions, both sides moved for summary judgment. The court, after stating that the parties had stipulated that there were no issues of fact to be tried, ordered that summary judgment be entered for the defendant. From that judgment, plaintiff brings writ of error here.

The evidence before the trial court disclosed that on February 2, 1966, the defendant issued its check payable to joint payees "Williams Development Co. and Den-Mor, Inc." (The correct name of the co-payee was Den-Mo, Inc.). When plaintiff received the check, it contained the endorsement of W. R. Williams only. Williams had authority to sign for Williams Development Co., but he had no authority to sign for Den-Mo, Inc. Defendant owed Williams the proceeds from the sale of a house at 85 Old Broadmoor Road, Colorado Springs, and Williams in turn owed Den-Mo, Inc. for construction work on the house. The check was made out to both payees in the exact amount Williams owed Den-Mo, Inc., so

that Den-Mo, Inc. would execute the necessary lien waivers and receive payment of the amount owed it by Williams. Defendant paid Williams the remainder of the money due him from the sale of the house by another check.

■ The trial court held that because of C.R.S. 1963, 95-1-23, the lack of endorsement by Den-Mo, Inc. destroyed any right of the plaintiff to maintain this action against the defendant. By means of C.R.S. 1963, 95-1-23 and 95-1-41, a forged or unauthorized signature of one of two joint payees, or the failure of one of two joint payees to endorse, destroys the negotiability of a check and the holder of the check acquires only as an assignee of a nonnegotiable chose in action the interest of the payee who did endorse, and, as such an assignee, his interest in the proceeds of the check is to be determined. *American Nat'l Bank v. First Nat'l Bank*, 130 Colo. 557, 277 P.2d 951.

■ Under the circumstances of this case, the trial court was correct in its judgment. The uncontroverted evidence upon which both parties requested the trial judge to issue summary judgment clearly shows that Williams had no financial interest in the check. The entire amount of the check was due to Den-Mo, Inc. for the work done by it at Williams' request. Den-Mo, Inc. was made a co-payee in order to secure its lien waivers, so that sale of the house by Williams could proceed. Under C.R.S. 1963, 95-1-23 and 95-1-41, plaintiff was not a holder in due course, but only an assignee of whatever interest Williams had in the check, and since, according to the record in this case, Williams had no financial interest in the check, the trial court was correct in granting summary judgment in favor of the defendant.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE KELLEY and MR. JUSTICE HODGES concur.