259 So.2d 194 (1972)
Robert A. SULLIVAN and Robert A. Sullivan Construction Co., Inc., a Florida Corporation, Appellants,
v.
WILTON MANORS NATIONAL BANK, a Corporation Chartered under the Banking Laws of the State of Florida, et al., Appellees.
No. 71-301.
District Court of Appeal of Florida, Fourth District.
March 9, 1972.
*195 Vincent Meade, Jr., of Monast & Meade, Fort Lauderdale, for appellants.
J. Patrick Dyal, of Rogers, Morris & Ziegler, Fort Lauderdale, for appellees.
WALDEN, Judge.
Going straightway to the critical issue, we must decide the liabilities created when a negotiable instrument, payable to two payees, is cashed bearing the forged endorsement of one of the payees.
The controlling statute is Chapter 673.116, F.S. 1969, F.O.A., same being part of the Uniform Commercial Code:
"673.116 Instruments payable to two or more persons.  An instrument payable to the order of two or more persons:
(1) If in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;
(2) If not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them."
This statute supercedes the pre-code statute, Chapter 674.44, F.S. 1965, which is identical in substance.
Plaintiff-appellant maintains that the check was honored bearing its forged endorsement. He sued the various defendants, including the bank cashing the check, Wilton Manors National Bank. Either summary judgment or judgment on the pleadings was ordered in the defendants' favor. Regardless of which form the order took, we hold there are material issues of fact and law which would render such procedure premature. We therefore reverse.
Chapter 673.116, F.S. 1969, F.S.A., supra, would seem to unambiguously control. Both co-payees must endorse a negotiable instrument payable to both.
Florida case law has created one quasi-exception to this statute. It is Florida National Bank at St. Petersburg v. Geer, Fla. 1957, 96 So.2d 409. Basically Geer held that a bank can get away with honoring a faulty or improper endorsement if the bank proves that the intended person received the proceeds of the check. In our case we observe that possibly Geer can be distinguished since the bank and not Sullivan made the check. It also is a fact question whether the proceeds went where they were intended. A determination of this issue via summary judgment with the state of the record as it is was premature.
In arriving at its decisions upon remand it may be helpful for the trial court to examine other cases construing the Uniform Commercial Code statute in question. See Federal Deposit Insurance Corporation v. Marine National Bank of Jacksonville, 5th Cir.1970, 431 F.2d 341; Harry H. White *196 Lumber Co. v. Crocker-Citizens National Bank, 1967, 253 Cal. App.2d 368, 61 Cal. Rptr. 381; Skinner v. Mortgage Investments Co., 1968, 165 Colo. 241, 438 P.2d 504; Insurance Company of North America v. Atlas Supply Company, 1970, 121 Ga. App. 1, 172 S.E.2d 632; and Gill Equipment Company v. Freedman, 1959, 339 Mass. 303, 158 N.E.2d 863.
We also observe that forgeries of co-payees' endorsements present a stronger case than mere omitted endorsements. See the above mentioned cases and Chapter 673.419, F.S. 1969.
In view of the questions of fact and law which remain unresolved, we reverse and remand for proceedings consistent with this opinion.
Reversed and remanded, with instructions.
REED, C.J., and CROSS, J., concur.