384 So.2d 952 (1980)
FIRST INDEPENDENT BANK, N.A., Appellant,
v.
STOTTLEMYER AND SHOEMAKER LUMBER COMPANY, a Florida Corporation, Sarasota Kennel Club, Inc., a Florida Corporation, John E. Johnson and John D. Agnew, As Directors of Florida Construction Consultants, Inc., a Dissolved Florida Corporation, Jerry Collins, Estate of C.E. Newman, and Lola Collins, Appellees.
No. 79-1403.
District Court of Appeal of Florida, Second District.
June 18, 1980.
*953 M. Joseph Lieb, Jr. of Crabtree, Butler, Syprett & Meshad, Sarasota, for appellant.
Johnson S. Savary of Kirk, Pinkerton, McClelland, Savary & Carr, Sarasota, for appellee Stottlemyer and Shoemaker Lumber Company.
BOARDMAN, Judge.
First Independent Bank, N.A., defendant below, appeals a final summary judgment finding it liable to appellee Stottlemyer & Shoemaker Lumber Company for improper payment to Florida Construction Consultants, Inc. (Consultants) of a check payable jointly to appellee and Consultants which appellee had not endorsed. We reverse.
In 1976, defendant Sarasota Kennel Club, Inc. (the Club) employed Consultants to construct certain improvements and modifications to its grandstand area. Consultants, in turn, entered into an oral contract with appellee whereby appellee was to furnish lumber, hardware, and miscellaneous building materials for the grandstand project.
Appellee billed Consultants on the 25th and 26th of each month. Payment of a statement by the 10th of the following month would result in a two per cent cash discount, and, if not paid by that date, the entire balance of the statement would be due by the 25th.
Consultants would obtain a check from the Club made payable to Consultants and appellee which would include the amount due appellee. Consultants would take this check to appellee for its endorsement and in exchange would give appellee Consultants' own check drawn on its account with appellant in the amount of appellee's share of the proceeds due out of the check from the Club.
On April 25, 1977, appellee issued its monthly statement to Consultants in the amount of $6,186.59. Payment was not received prior to issuance of the next monthly statement. The May statement was in the amount of $15,884.78, which included the April billing that had not yet been paid.
On May 31, 1977, the Club delivered to Consultants a check payable jointly to Consultants and appellee in the amount of $6,186.59. This check was never presented to appellee for endorsement. On June 6, 1977, appellant accepted this check for deposit into Consultants' account without appellee's endorsement. As of the close of *954 business on June 6, 1977, there was $18,776.44 on deposit in Consultants' account. Consultants wrote and delivered a check for $6,186.55 dated June 7, 1977, to appellee. This check was paid by appellant on June 9, 1977, at which time there was $12,805.92 on deposit in Consultants' account.
As of June 7, 1977, Consultants owed appellee $16,260.86 for materials and supplies furnished to Consultants for construction at the Club. After the payment on June 7, appellee received no further payments for the materials it supplied for the grandstand project.
Appellee subsequently sued appellant for improper payment of the $6,186.59 check issued by the Club. Appellant's defense was that appellee had been paid the sum in question by Consultants. Appellee took the position that the payment received by way of the June 7, 1977, check from Consultants may not have been the same which was wrongfully accepted for deposit by appellant on June 6, 1977.
At the hearing on the motion for summary judgment, the trial court stated that if James Scheurenbrand, appellant's president, could testify that the funds paid to appellee out of Consultants' account on the check dated June 7 were the identical funds wrongfully deposited into that account on June 6, summary judgment could be avoided. Due to the fact that there was a beginning balance in the account on the day the funds were deposited and that there were also other banking transactions occurring in that account that day, Scheurenbrand could not state that they were the identical funds. Since Scheurenbrand could not conclusively testify that the identical funds were involved in the payment to appellee, the trial court entered summary judgment against appellant.
It is undisputed that under the Uniform Commercial Code, "[a]n instrument payable to the order of two or more persons: ... (2) [i]f not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them." § 673.116, Fla. Stat. (1979); Sullivan v. Wilton Manors National Bank, 259 So.2d 194 (Fla. 4th DCA 1972). A bank which wrongfully appropriates commercial paper may be liable for conversion, see Louisville & Nashville Railroad v. Citizens & Peoples National Bank, 74 Fla. 385, 77 So. 104 (1917), and appellant's disposal of the check in question amounted to a conversion. FDIC v. Marine National Bank, 431 F.2d 341 (5th Cir.1970). However, appellant raised the affirmative defense that appellee received Consultants' payment of the sum of money wrongfully accepted for deposit by appellant. If appellee did, in fact, receive the proceeds of this check, then appellant cannot be liable for its conversion. Florida National Bank at St. Petersburg v. Geer, 96 So.2d 409 (Fla. 1957); Sullivan v. Wilton Manors National Bank, supra.
The party moving for summary judgment has the burden of conclusively refuting affirmative defenses raised by the other party. Spear v. Martin, 330 So.2d 543 (Fla. 4th DCA 1976). Scheurenbrand's testimony did not conclusively refute appellant's affirmative defenses. The testimony of appellee's own agents, namely Charles Stottlemyer, president of appellee, and Joseph A. Newlon, comptroller of appellee, was that the funds paid to appellee by the June 7 check from Consultants were accepted for and treated as payment of the April 25 statement, and that this check was received from Consultants on May 31, 1977. Stottlemyer also testified that the account was paid through April 25, the date of the $6,184.59 statement, and that payment of the statement dated May 22 was not due until June 25.
The evidence indicates that appellee did receive the intended proceeds from the wrongfully deposited check with the exception of the four-cent discrepancy between the amounts. In order for appellant to be absolved from liability, it is not necessary for appellee to have received the same funds out of Consultants' account which were put there by the wrongful deposit of the check.
Accordingly, the final summary judgment in favor of appellee is REVERSED and the *955 cause REMANDED for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and OTT, J., concur.