HENDRY, Judge.
Defendant Charles Peek appeals from a final judgment of conviction and sentencing for petit theft. The single issue for our determination is whether the trial court erred in refusing to excuse a juror for cause. We hold that the court’s denial of the challenge for cause, after the defendant had exhausted all his peremptory challenges in reliance upon a previous ruling striking the juror for cause, impaired defendant’s right to a fair trial and mandates reversal.
During voir dire examination prior to trial, one of the prospective jurors, Samuel Weber, stated that as a retired criminal court reporter for the prosecution he might be unable to put his knowledge of the criminal justice system out of his mind and render an impartial verdict. Although three other jurors were excused for cause upon motion of the state, Mr. Weber was not challenged at this time. Upon completion of voir dire examination, both sides began to strike jurors from the panel, starting with number one and working their way down the jury list. Among the first fifteen veniremen, the state exercised four peremptory challenges and the defendant exercised five. The remaining six jurors composed the tentative panel. At this point defense counsel asked the court to rule on a chai- *1226 lenge for cause to juror number eighteen, Mr. Weber. The court agreed to strike him for cause, but deferred ruling after the prosecutor complained that “we haven’t gotten to Mr. Weber yet.” Although defense counsel argued that the proper procedure was to make challenges for cause at that time, the court withdrew its prior ruling. Defense counsel then exercised his sixth and final peremptory challenge, back-striking the last juror called prior to the challenge on Mr. Weber, and the state exercised its last two challenges against jurors number sixteen and seventeen. All peremptory challenges having been exhausted, defense counsel again challenged Mr. Weber for cause. The court now refused to excuse Mr. Weber for cause. Defense counsel objected and sought to withdraw one of his peremptory challenges, but this request was also denied. An alternate juror was selected, and the jury, including Mr. Weber, was sworn in chief and the case tried. Following his conviction, defendant instituted this appeal.
While our review of the voir dire in this case raises some doubt as to the ability of Mr. Weber to render an impartial verdict, see Section 913.03(10), Florida Statutes (1979), whether or not the trial court erred in denying defense counsel’s challenge for cause of Mr. Weber is not the pivotal consideration. The error, as we see it, is the court’s reversal of its prior ruling on which defense counsel relied to his detriment.
Rule 3.310 of the Florida Rules of Criminal Procedure provides that the state or a defendant may challenge an individual prospective juror before the juror is sworn to try the cause. Thus, a criminal defendant has a right to challenge a juror at any time before the juror is sworn in chief. See State v. Rodgers, 347 So.2d 610 (Fla.1977); Knee v. State, 294 So.2d 411 (Fla. 4th DCA 1974). Accordingly, defense counsel was entitled to have a ruling on his challenge for cause at the time raised even though Mr. Weber was not next in line for peremptory striking. The trial court’s initial agreement to strike Mr. Weber for cause and subsequent deferral of this ruling caused defense counsel to use his remaining peremptory challenge in the belief that when they “got to Mr. Weber” the court would strike him for cause.
The court’s refusal to rule on defense counsel’s challenge of Mr. Weber was clearly erroneous in light of the fact that the court had excused three jurors for cause upon the state’s motion during voir dire well before the parties began to go down the list numerically and accept or reject jurors in sequence. Additionally, the court’s actions violated the defendant’s right to exercise peremptory challenges since he was required to exhaust his per-emptories before asserting challenges for cause. Although counsel cannot be compelled to exhaust his peremptory challenges on individuals who should be excused for cause, United States v. Nell, 526 F.2d 1223 (5th Cir. 1976), counsel clearly has the right to exercise a peremptory challenge on any juror, even one who should be excused for cause. Leon v. State, 396 So.2d 203 (Fla. 3d DCA 1981). We therefore find that the “essential demands of fairness” were not met in this case, United States v. Nell, supra, at 1229, and reverse and remand for a new trial.
Reversed and remanded for new trial.