413 So.2d 480 (1982)
NORTHEAST BANK OF CLEARWATER, Appellant,
v.
Marguerite L. BENTLEY, Sometimes Known As Margaret L. Bentley, Appellee.
No. 81-694.
District Court of Appeal of Florida, Second District.
May 7, 1982.
Ted R. Manry, III, and Joshua Magidson, Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Douglas J. Loeffler, Clearwater, for appellee.
DANAHY, Judge.
The appellant (the Bank) negotiated a check bearing the endorsement of only one of the two payees. Appellee (Mrs. Bentley), the other payee, brought this action against the Bank for conversion of the funds represented by the check. As an affirmative defense, the Bank asserted that the intended person  the endorsing payee  received the proceeds of the check. The trial judge rejected that defense and summarily entered judgment for Mrs. Bentley as a matter of law. We reverse.
The facts are essentially undisputed. At the time the check was issued, Mrs. Bentley had been adjudged incompetent and an individual named James Taylor was qualified and acting as the guardian of her property and person. Mrs. Bentley and her husband, Richard C. Bentley, jointly owned 1503 *481 shares of Texaco stock. In May of 1977, Mrs. Bentley's guardian and Mr. Bentley's attorney in fact, his daughter, entered into an agreement to divide those 1503 shares. They agreed that Richard C. Bentley would receive the proceeds from the sale of one-half the stock and Mrs. Bentley would receive one-half of the shares (752) registered in her sole name. Accordingly, a stock certificate was obtained in the name of Mrs. Bentley representing 752 shares of Texaco stock. The other 751 shares were sold and a check was delivered to Richard C. Bentley in the amount of $19,239.87 representing the proceeds of that sale, and payable to Richard C. Bentley and Mrs. Bentley. The Bank accepted the check and negotiated it in accordance with the instructions of Richard C. Bentley or his attorney in fact, notwithstanding that the check was endorsed only on his behalf and did not bear the endorsement of Mrs. Bentley.
On March 8, 1978, Richard Bentley, the son of Richard C. Bentley and Mrs. Bentley, was named as Mrs. Bentley's successor guardian. One year later, Mrs. Bentley's competency was restored. In the meantime, Richard C. Bentley died, leaving Mrs. Bentley as the sole beneficiary of his estate. The assets of his estate consisted of three oil leases and $100.00 in personal effects.
At the time of the proceedings before the trial judge in this case, no orders had been entered in Mrs. Bentley's guardianship proceeding discharging either James Taylor or Richard Bentley as guardian.
The Bank's affirmative defense in this case was bottomed on the proposition that by agreement of the fiduciaries representing Richard C. Bentley and Mrs. Bentley, Richard C. Bentley was intended to receive the proceeds of the check and did receive them. Mrs. Bentley countered with the argument that the agreement in question was void because neither of her guardians had ever obtained "probate court" approval for the sale of the Texaco stock jointly registered in her name and that of her husband. The "probate court" is the same circuit court in which the instant proceedings arose.
Section 744.447, Florida Statutes (1977), provided that an application for authorization to perform, or confirmation of, a sale of an incompetent's property was to be by petition stating the facts showing the expediency or necessity for the action, a description of any property involved, and the price and terms of the transaction. Section 744.457, Florida Statutes (1977), provided in part as follows:
(1)(a) All legal or equitable interests in real and personal property owned as an estate by the entirety by an incompetent for whom a guardian of the property has been appointed may be sold, transferred, conveyed, or mortgaged in accordance with s. 744.447, if the spouse who is not incompetent joins in the sale, transfer, conveyance, or mortgage of the property... .
(b) In ordering or approving the sale and conveyance of the real or personal property, the court shall provide that one-half of the net proceeds derived from it shall go to the guardian of the property of the incompetent and the other one-half to the spouse who is not incompetent.
The rule in Florida is that a bank may escape liability for honoring a check on a faulty or improper endorsement, or even without endorsement, if the bank can prove that the intended person received the proceeds of the check. Florida National Bank v. Geer, 96 So.2d 409 (Fla. 1957); First Independent Bank v. Stottlemyer & Shoemaker Lumber Co., 384 So.2d 952 (Fla. 2d DCA 1980); Sullivan v. Wilton Manors National Bank, 259 So.2d 194 (Fla. 4th DCA 1972). The trial judge in the case before us rejected that defense by the Bank because no order had ever been entered in Mrs. Bentley's guardianship proceeding authorizing or confirming the agreement between Mrs. Bentley's guardian and Richard C. Bentley's attorney in fact to divide the jointly owned Texaco stock. But the guardianship proceeding pertaining to Mrs. Bentley has not terminated; no order has been entered discharging either James Taylor or Mrs. Bentley's son as guardian. The trial judge in this case, a judge of the same circuit court, *482 has jurisdiction in the guardianship proceeding as well.[1] It is not too late to bring the guardians before the court and determine whether the division of the Texaco stock met the requirements of the guardianship statutes and can be confirmed as proper.
Accordingly, we reverse with directions that the trial judge examine the matter of confirming the transaction giving rise to the dispute before us. We suggest that the guardianship proceeding pertaining to Mrs. Bentley simply be consolidated with the present action for purposes of expediency. Summary judgment was improper on the state of the record before us.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
HOBSON, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Art. V, § 5, Fla. Const.; § 26.012, Fla. Stat. (1981). See the discussion of circuit court jurisdiction in In Re Guardianship of Bentley, 342 So.2d 1045 (Fla. 4th DCA 1977).