BASKIN, Judge.
Lucci, a motel bar patron, sued the doorman, Vincent, the Suez Motel and its insurer, Highlands Insurance Company, alleging that the doorman committed an assault and battery upon him and that, as a result, he suffered a broken nose and other injuries. Vincent responded that he acted in self-defense. After considering Vincent’s deposition, as well as the deposition of another hotel employee (Tabb), the trial court granted summary judgment as to liability in favor of Lucci. A subsequent jury trial resulted in an award of $190,000 compensatory damages.*
Appellants present several challenges to the final judgment: the grant of summary judgment, evidentiary rulings by the trial court, and the court’s failure to excuse for cause a prospective juror who did not think she could be impartial. Upon review, we find that genuine issues of material fact remain to be decided and, accordingly, the trial court erred in granting summary judgment. Devcon (Panama) International Corp. v. Sheffield Steel Products, 409 So.2d 214 (Fla. 4th DCA 1982); Squitieri v. Aetna Casualty & Surety Co., 382 So.2d 730 (Fla. 5th DCA 1980); accord Hull & Company v. McGetrick, 414 So.2d 243 (Fla. 3d DCA 1982); Perez v. Universal Engineering Corp., 413 So.2d 75 (Fla. 3d DCA 1982); Ultra Marine Corp. v. Bryant, 375 So.2d 613 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 634 (Fla.1980); see Holl v. Talcott, 191 So.2d 40 (Fla.1966). We therefore reverse the final judgment.
The record discloses that doorman Vincent asked Lucci to stop annoying two girls inside the disco. A short time later, Vincent received another complaint and asked Lucci to leave. As he started to leave, Lucci mumbled words indicating that he would “get even” or would “get” Vincent. In response to a signal from Lucci, Vincent walked toward him. As Vincent walked through the doorway, Lucci pulled on his left shoulder or arm. Vincent responded with a “shot” or punch to Lucci’s nose and allegedly continued to punch Lucci before going back inside the disco. In his deposition, Vincent testified that he didn’t like to have anyone touch him. He stated that he struck Lucci because he believed that Lucci was preparing to “swing” at him. Tabb, the other employee, stated during his deposition that he had heard that Lucci was a “wiseguy.” These statements served as the basis for Vincent’s assertions that he acted in self-defense.
A movant for summary judgment must conclusively refute affirmative defense asserted by the non-movant. First Independent Bank, N.A. v. Stottlemyer & Shoemaker Lumber Co., 384 So.2d 952 (Fla. 2d DCA 1980); Spear v. Martin, 330 So.2d 543 (Fla. 4th DCA 1976); accord Proprietors Insurance Co. v. Siegel, 410 So.2d 993 (Fla. 3d DCA 1982); General Development Utilities, Inc. v. Davis, 375 So.2d 20 (Fla. 2d DCA 1979). Whether Vincent believed he was acting in self-defense and whether his belief was reasonable, Price v. Gray's Guard Service, Inc., 298 So.2d 461 (Fla. 1st DCA), cert. denied, 305 So.2d 208 (Fla.1974); accord Byrd v. Isgitt, 338 So.2d 374 (La.Ct.App.1976), are questions of material fact precluding disposition by summary judgment.
Our reversal necessitates a new trial, not only as to liability, but to damages as well. The trial court’s refusal to excuse for cause a prospective juror who stated she could not be impartial deprived appellants of a fair trial; appellants had exhausted their peremptory challenges. Peek v. State, 413 So.2d 1225 (Fla. 3d DCA 1982); see Peri v. State, 412 So.2d 367 (Fla. 3d DCA 1981); §§ 913.03, 913.12, Fla.Stat. (1979); Fla.R. Civ.P.1.431. Furthermore, issues pertaining to liability and to damages became inextricably interrelated during the trial when the trial court permitted appellee to read *949 portions of Tabb’s deposition to the jury but denied appellants’ request to introduce complementary portions. American Motors Corp. v. Ellis, 403 So.2d 459 (Fla. 5th DCA 1981); King v. Califano, 183 So.2d 719 (Fla. 1st DCA 1966); Fla.R.Civ.P.1.330(a)(4), thereby preventing Vincent from supporting his contention that the assault had been provoked, a matter to be considered in the assessment of damages.
Reversed and remanded for a new trial as to liability and damages.

 A punitive damage claim had been abandoned.