NESBITT, Judge.
The plaintiff appeals a judgment rendered on a jury verdict for the defendants. We reverse.
The only point with merit raised by the plaintiff concerns the use of her deposition at trial. On cross-examination of the plaintiff, defense counsel read portions of the plaintiff’s deposition to impeach the plaintiff. The plaintiff’s attorney requested that defense counsel read additional portions of the deposition. The trial court informed the plaintiff’s attorney he would be given the opportunity to read those portions. On redirect, the plaintiff’s attorney attempted to read those other portions of the deposition. The defense counsel, however, objected, arguing that when a deposition is used solely to impeach, other portions of the deposition may not be read to rehabilitate the witness. The trial court agreed and sustained the objection which required the plaintiff’s attorney to proffer the explanatory portions of the deposition outside the hearing of the jury.
Florida Rule of Civil Procedure 1.330(a)(4) provides:
If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
This rule was interpreted in King v. Califano, 183 So.2d 719 (Fla. 1st DCA 1966), where the court was presented with precisely the same issue as presented here. The court held:
To attain ... a just determination and to ascertain the truth in controversies is the ultimate and noble objective of our court system. Our procedural rules are designed as a vehicle to aid the court, the jurors, and the litigants to reach that objective as nearly as humanly possible. It is thus contrary to the intent and spirit of those rules to allow one party to use them to take an unfair advantage of the other party, such as in presenting a half-truth and then objecting to the other party’s effort to present the whole truth from the same evidentiary source. This latter description, we think, fits the situation in the case at bar, wherein the trial court permitted the plaintiff’s attorney to read certain selected and prejudicial portions of the defendant’s deposition in order to discredit her trial testimony but prohibited the defense counsel from reading other portions of the same deposition transcript which explained and classified her answers read by the plaintiff’s attorney and which other portions presumably demonstrated that the defendant’s trial testimony should not be discredited.
183 So.2d at 723-24. The court then held that the trial court had erred in prohibiting the attorney from using the other relevant portions of the deposition in an effort to demonstrate to the jury that the “whole truth” was that the witness’ trial testimony should not be discredited on account of her deposition testimony. 183 So.2d at 724.
Thus, where one party reads selected and prejudicial portions of the other party’s deposition for impeachment, it is error to prohibit opposing counsel from reading other portions of that same deposition in an effort to demonstrate the “whole truth.” American Motors Corp. v. Ellis, 403 So.2d 459, 463 (Fla. 5th DCA 1981), review denied, 415 So.2d 1359 (Fla.1982); King. See also Highlands Insurance Co. v. Lucci, 423 So.2d 947 (Fla. 3d DCA 1982). In the present case, the plaintiff’s attorney was precluded from using relevant portions of the plaintiff’s deposition in an effort to demonstrate that the plaintiff’s trial testimony should not be discredited. Since defense counsel had used portions of the deposition to impeach the plaintiff, it was error to deny the plaintiff's attorney the opportunity on redirect examination to use other relevant portions of the deposition to rehabilitate the plaintiff. See Fla.R.Civ.P. 1.330(a)(4); Ellis; King. This error was *289 prejudicial since the plaintiffs credibility was crucial in the case.
Accordingly, the judgment under review is reversed and the cause remanded for further proceedings.